**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ACE D. HAILEY,

      Plaintiff-Appellant,

v.

STEPHEN KAISER; TAYLOR
CHANCELLOR, Chief of Security;
ED HENNE, Alcohol and Drug
Counselor of Pride Therapeutic
Community,

      Defendants-Appellees.

No. 99-7046
(D.C. No. 97-CV-504-S)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Proceeding pro se, Ace Hailey appeals the district court's grant of summary

judgment in favor of the defendants on his 42 U.S.C. § 1983 claim, and its

dismissal of his claim as frivolous under 28 U.S.C. § 1915(e)(2)(i). We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff-Appellant Ace Hailey is an inmate in the custody of the Oklahoma Department of Corrections who is currently imprisoned at the Mack Alford Correctional Center in Stringtown, Oklahoma. (See Aplt. Br. at 9.) In September 1997, Hailey brought an action pursuant to 42 U.S.C. § 1983 for constitutional violations which allegedly occurred while he was incarcerated at the Davis Correctional Facility ("DCF"). He named as defendants Stephen Kaiser, DCF warden, and Taylor Chancellor, DCF Chief of Security.

In October 1993, while incarcerated at Dick Conner Correctional Facility, Hailey was stabbed by a fellow inmate, Hines. Following this incident, both inmates were sent to different prisons. In April 1996, Hailey was transferred to DCF. Hines was then transferred to DCF in January 1997. When Hines arrived at DCF, officials noted that there was a request for protective measures against Hailey in Hines' file. (See Martinez Report at 2.) Defendants allege that they telephoned the Department of Corrections Population Management Facility and learned that the protective order had expired two years earlier. (See Martinez Report at 2.) Following this telephone call, Defendant Chancellor contends he spoke with both Hines and Hailey and asked if either wanted to submit a request for protective measures. Both inmates declined the opportunity. (See id.) Hailey disputes the above facts. He contends that after he was notified that Hines had been transferred to DCF, he went to his counselor and requested that a

"separatee" be filed so that he would not come in contact with Hines. (See Aplt. Br. at 3.)

Both parties agree, however, that on January 7, 1997 inmate Hines and Hailey were placed in the same yard. Hailey argues that while he was in the yard he heard rumors that Hines was trying to locate a knife. On his way to seek out a staff member, Hailey confronted Hines and an altercation ensued in which Hines was injured.

In the Special Report, ordered by the district court[1], Hailey admits that he could have avoided the altercation and walked past Hines. (See Martinez Report at 4.) In addition, Hailey states in the report that he could not remember who threw the first punch, however, Defendant Chancellor states in the report that Hailey admitted to him that he had attacked Hines after he had "flashbacks" as a result of seeing Hines. (See id.) These facts were never disputed by Hailey in his response to the special report. Following the altercation, Hailey was placed in solitary, had his security points raised, had an entry of assault placed on his record, and was transferred to another prison.

Hailey sued under § 1983 claiming that Kaiser and Chancellor were deliberately indifferent to his safety and security, when they failed to keep Hines

---

[1] In May 1998, the district court ordered the officials involved in this civil rights action to prepare a special report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

and Hailey separated despite knowing that Hines had previously stabbed Hailey. Hailey claims that he suffered psychological injury and mental duress and was further injured by the addition of security points and an assault on his record which affect his possibility for parole.

The district court granted the defendants motion for summary judgment and dismissed the case as frivolous.[2] We review a district court's grant of summary judgment de novo, applying the same legal standards as applied by the district court. See Byers v. City of Albuquerque, 150 F.3d 1271, 1274 (10th Cir. 1998). Summary judgement is appropriate if 'the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and any reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. See Byers, 150 F.3d at 1274.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994). In Farmer v. Brennan, the Supreme Court defined "deliberate

---

[2] Hailey filed a motion objecting to this court giving Appellees an extension of time in which to file their brief and file corrections to the brief. This extension of time was pursuant to an order issued by the clerk of the court. The clerk has discretion to grant extensions, and routinely grants an initial extension. Hailey's motion is therefore denied.

indifference" to require a showing that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The district court found that Hailey failed to show that the defendants knowingly and unreasonably disregarded an objectively intolerable risk. In reaching this conclusion, the district court seemed to resolve factual disputes in favor of the defendants based on the Martinez report. We have held that the Martinez report should be treated like an affidavit and "the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997). Here Hailey's complaint was accompanied by a statement made by Hailey under penalty of perjury and therefore can be treated as an affidavit. Id. Hailey's verified statements present factual disputes over whether he requested a separation order between himself and inmate Hines. If Hailey had requested the separation order and had not, as he claims, waived protective measures, then the placement of the two inmates in the same yard, given their past history, could be found to be deliberately indifferent.

There is, however, a significant flaw in Hailey's claim. We have recognized that in claims brought pursuant to § 1983, tort law principles are applied. See Northington v. Marin, 102 F.3d 1564, 1568 n.1 (10th Cir. 1996).

We have therefore recognized that proximate cause is one of the requirements of a §1983 claim. See Daniels v. Gilbreath, 668 F.2d 477, 480 (10th Cir. 1982). In this case, as the district court alternatively found, Hailey was the aggressor in the January 7, 1997 altercation between Hines and Hailey. Hailey admitted that he could have avoided Hines, but instead engaged him in an altercation which resulted in injury to Hines. Under these circumstances, it is not possible to say that the defendants were the proximate or legal cause of Hailey receiving security points and having an assault placed on his record. We therefore find the defendants are not liable for these injuries under § 1983.

When construing Hailey's complaint liberally, as we must,[3] he seems to complain that he also suffered psychological and mental duress when he learned that Hines was in the prison yard with him. "The Supreme Court has held that mental and emotional distress can constitute a compensable injury in suits for damages under 42 U.S.C. § 1983 based upon violations of constitutional rights." Zehner v. Trigg, 133 F.3d 459, 461 (7th Cir. 1997). However the PLRA, the statute at issue in this case, states that "[n]o Federal civil action may be brought

---

[3] We are required to construe a pro se complaint more liberally. This means that "if the court can reasonably read the pleadings to state a valid claim on which the [appellant] could prevail, it should do so despite the [appellant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (quotations omitted).

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Therefore, although claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e) provides that "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 807 (10th Cir. 1999) (quotations omitted). Hailey cannot make this showing. He suffered no physical injury during the January 7, 1997 confrontation, and without this showing he cannot maintain an action under § 1983 for emotional distress.

Finally, Hailey also sought declaratory relief under his § 1983 claim. In Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997), we cited the Eleventh Circuit case of McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir. 1984) with approval when discussing whether an action for declaratory relief was moot in a prisoner civil rights case. In McKinnon, the court stated that "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory . . . relief." Id. at 1363. Hailey was transferred to another prison after the January 1997 incident, thus his claim for declaratory relief is moot.

We, therefore, find that the district court properly granted the defendant's motion for summary judgment.

In granting this motion, the district court also dismissed the claim as frivolous under 28 U.S.C. § 1915(e)(2)(i). We review a dismissal of a claim as frivolous for an abuse of discretion. See Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995). A complaint is frivolous if "it lacks an arguable basis either in fact or law." Id. (quotations omitted). Given that Hailey had no arguable claim under the law, we cannot say that the district court abused its discretion in dismissing the complaint as frivolous.

For the reasons stated above, we AFFIRM the district court grant of summary judgment and dismissal as frivolous.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge