# UNITED STATES COURT OF APPEALS
**Tenth Circuit**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80294**
**(303) 844-3157**

**Patrick J.  Fisher, Jr.**                                              **Elisabeth A. Shumaker**
**Clerk**                                                               **Chief Deputy Clerk**

January 31, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   No. 95-1342, No. 95-1395 (consolidated)
          December 31, 1996


Please be advised of the following correction to the captioned decision:

The name of the Defendant-Appellant reads "Deputy Marin, Sheriff." The correct designation is "Jesse Marin, Deputy Sheriff."

Please make the appropriate correction.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

UNITED STATES COURT OF APPEALS

**Filed 12/31/96**

TENTH CIRCUIT

CRAIG BRYANT NORTHINGTON,

Plaintiff-Appellee,

v.

JESSE MARIN, Deputy Sheriff,

Defendant-Appellant,

and

CARLOS JACKSON, Captain,

Defendant.

No. 95-1342
No. 95-1395
(Consolidated)

Appeal from United States District Court
for the District of Colorado
(D.C. No. 91-K-352)

Robert M. Liechty (Theodore S. Halaby with him on the brief), of Halaby, Cross, Liechty, Schluter & Buck, of Denver, Colorado, for the appellant.

Bridget K. Sullivan (Christopher M. Kamper with her on the brief), of Sherman & Howard L.L.C., of Denver, Colorado, for the appellee.

Before BALDOCK, LOGAN, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

Deputy Sheriff Jesse Marin appeals the judgment entered against him in this 42 U.S.C. § 1983 action brought by Craig Northington, a Denver County jail inmate, claiming Marin caused other inmates to assault Northington by labeling him a snitch. Marin contends (1) the district court erred in holding him liable without finding he acted with subjective recklessness, (2) the court erred in shifting the burden of proof of causation to Marin, (3) the court failed to conduct de novo review of a magistrate's report, and (4) the attorney fee award was excessive. We affirm.

## I.

In February 1990, Northington was serving a sentence at the Denver County Jail in a community corrections program that permitted him to leave the jail to work as an employee of a painting company. Although it was against department regulations for deputies to engage in business relationships with inmates, a deputy sold Northington a truck on contract. Northington cooperated in the subsequent department internal affairs investigation, which led to dismissal of the deputy. He alleged the internal affairs officers assaulted and threatened him to obtain his cooperation. Northington also alleged Deputy Marin caused other inmates to assault him by labeling him a snitch or an informer.

Northington brought this action under 42 U.S.C. § 1983 and § 1985, alleging the internal affairs officers, Marin, various other deputies, correction officers, and the Denver Sheriff Department violated his civil rights. The claims were initially dismissed for failure to state a claim. On appeal, the dismissal was affirmed in part and reversed in part, remanding the claims against Marin and the internal affairs officers for further proceedings. Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992). Counsel was appointed to represent Northington, and the case went to trial before a magistrate judge

sitting as a special master. The magistrate recommended denial of the claim against the internal affairs officers as unsupported by credible evidence, but recommended a $5,000 judgment in favor of Northington on the claim against Marin. The magistrate believed the testimony of several inmates that Deputy Marin had spread a rumor among inmates that Northington was a snitch, and found Northington was assaulted several times by inmates who accused him of being a snitch. Although Marin denied spreading the rumor, he testified that an inmate labeled a snitch would most likely be beaten. There was evidence that other deputies spread the snitch rumor about Northington, and the magistrate found there was no evidence that Marin rather than another deputy originated the rumor heard by the inmates who assaulted Northington. However, Northington's appointed counsel argued the burden of proof of causation should be shifted to Marin. The magistrate agreed and found Marin did not sustain the burden of proving his statements did not cause the assaults on Northington.

Marin requested review by the district court. The district court adopted most of the magistrate's recommendation, but because Marin had received no notice that the burden of proof on causation would be shifted, the district court remanded the case to the magistrate to permit Marin to present evidence on causation. After further hearing, the magistrate found Marin had failed to sustain his burden and again recommended a $5,000 judgment against Marin. Marin again requested de novo review. On review, the district court adopted the magistrate's recommendation. After another evidentiary hearing, the district court awarded Northington's appointed counsel attorney fees of $93,649.61 under 42 U.S.C. § 1988.

## II.

Northington based his claim against Marin on the Eighth Amendment. Northington was not required to show Marin acted with malicious or wrongful intent. Prison officials are liable under the Eighth Amendment for denying an inmate humane conditions of confinement if the officials know of and disregard a substantial risk of serious harm to the inmate. Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994). See Northington, 973 F.2d at 1525 (prison officials liable for "obdurate and wanton disregard for the inmate's safety"). Marin contends the evidence does not support liability under the Eighth Amendment. This argument is without merit.

Marin himself testified that if he spread a rumor in the jail that an inmate was a snitch, the inmate would probably be beaten by other inmates. The magistrate found from this evidence that Marin knew the probable result of spreading the rumor would be to place Northington in serious jeopardy of assault by other inmates and concluded this amounted to obdurate and wanton disregard for Northington's safety. The district court adopted the magistrate's findings and agreed with his conclusions of law on this issue. We conclude the facts found by the magistrate satisfy the Farmer standard.

Marin points to evidence that his intent in telling inmates Northington was a snitch was to protect those inmates from being labeled snitches by association. However, because Marin knew the probable result would be that Northington would be beaten, intent to protect other inmates is not inconsistent with a knowing disregard of a substantial risk to Northington's safety.

-4-

**III.**

The magistrate and the district court shifted the burden of proof of causation to Marin based on § 433B of the Restatement (Second) of Torts (1965 and 1979). The magistrate applied subsection (3) of § 433B, which states:

> Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

Comment h to § 433B(3) suggests the rule may be limited to cases in which all of the wrongdoers have been joined as defendants. In <u>Menne v. Celotex Corp.</u>, 861 F.2d 1453, 1466 (10th Cir. 1988), a products liability case, this court stated that § 433B(3) can apply only when all wrongdoers are before the court because, otherwise, there is no assurance the party who caused the injury is before the court. When all wrongdoers are before the court but none can prove nonliability, all can fairly be held jointly and severally liable because the odds are equal that each is liable. <u>See also</u>, <u>e.g.</u>, <u>210 East 86th Street Corp. v. Combustion Engineering</u>, 821 F. Supp. 125, 149 (S.D. N.Y. 1993); <u>Zands v. Nelson</u>, 797 F. Supp. 805, 813 (S.D. Cal. 1992). <u>But see</u>, <u>e.g.</u>, <u>McElhaney v. Eli Lilly & Co.</u>, 564 F. Supp. 265, 270 (D. S.D. 1983); <u>Hall v. E.I. Du Pont De Nemours & Co.</u>, 345 F. Supp.353, 379 (E.D. N.Y. 1972) (relaxing the requirement that all wrongdoers be before court).

Marin argues § 433B cannot apply to the facts of this case because the other deputies who spread the rumor about Northington were not named as defendants.[1] We

---

[1]Marin does not argue that § 433B can never be applied in a § 1983 action, and we conclude the burden-shifting principle of § 433B can apply in a § 1983 action when the facts support it. Tort law principles may appropriately be applied in § 1983 cases. <u>See</u> <u>Memphis Community School Dist. v. Stachura</u>, 477 U.S. 299, 305-07 (1986); <u>Carey v. Piphus</u>, 435 U.S. 247, 258 (1978); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S 144, 231 (1970) (Brennan, J., concurring in part and dissenting in part). When it is appropriate, the burden of proof in a § 1983 case may shift to the defendant. <u>Randle v. City of Aurora</u>, 69 F.3d

-6-

agree that § 433B does not apply, but we base our conclusion on different rationale. Section 433B(3) is inapplicable because it applies only in cases of alternative liability, when it is proved that harm has been caused by **only** one of the two or more tortious actors. Here, it was not proved and the magistrate did not find that the beatings were caused by only one of the deputies who spread the rumors.

The district court reviewed the magistrate's report and concluded "[t]he facts in this case present a concurrent cause situation; inmates and guards were spreading rumors regarding Northington. The spreading of the rumor is akin to starting a fire. Over time the sources from which the statements were heard become muddled and often indistinguishable." Appellant's append. II at 223. The court held that the burden of proof shifts to the defendant in the case of concurrent causes. We agree.

Under the "but for" test of causation, Marin could not be the cause of Northington's beating. Had Marin not spread the rumor, the statements of other deputies to inmates would have spread rapidly with the probable result that Northington would have been beaten. However, Restatement (Second) of Torts § 432 (2) states: "If two forces are actively operating, one because of the actor's negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another, the actor's negligence may be found to be a substantial factor in bringing it about."[2] See generally, e.g., In re Bendectin Litigation, 857 F.2d 290, 310-11 (6th Cir. 1988), cert. denied 488 U.S. 1006 (1989); Basko v. Sterling Drug, 416 F.2d 417, 430-31

_____

441, 450 (10th Cir. 1995) (discriminatory intent); Franklin v. Aycock, 795 F.2d 1253, 1263-64 (6th Cir. 1986) (causation). See also Carey, 435 U.S. at 260.

[2] This rule also applies to reckless and intentional acts. See Restatement (Second) of Torts §§ 501 and 870, comment 1.

-7-

(2d Cir. 1969); <u>Fleming v. Kellett</u>, 167 F.2d 265, 267 (10th Cir. 1948) (Federal Employers' Liability Act case); W. Page Keeton, ed., Prosser and Keeton on Torts § 41, pp. 266-67 (5th ed. 1984).

Here, two forces were actively operating to spread the rumor--Marin and the other deputies. Because, as the magistrate found, rumors about snitches spread rapidly and inmates rumored to be snitches will probably be beaten, the conduct of each (Marin's circulation of the rumor, or the other deputies' circulation of the rumor) by itself was sufficient to cause Northington to be beaten.

The magistrate's findings also established that Marin's spreading of the rumor was a substantial factor in bringing about harm to Northington. Marin's actions were not insignificant in relation to those of the other deputies. The magistrate found Marin repeated the rumor to inmates on four occasions. There was no evidence of more than four other instances in which other deputies spread the rumor. <u>See</u> Restatement (Second) of Torts § 433(a), comment d; Prosser and Keeton on Torts § 41, pp. 266-69. The magistrate's findings therefore established that Marin and the other deputies were substantial factors in bringing about harm to Northington, and thus were concurrent causes of the harm.

Multiple tortfeasors who concurrently cause an indivisible injury are jointly and severally liable; each can be held liable for the entire injury. It is not essential that all persons who concurrently caused the harm be joined as defendants. Restatement (Second) of Torts § 433A, comment i, § 433B, comments c and d, and §§ 879-82. <u>See</u> <u>Edmonds v. Compagnie Generale Transatlantique</u>, 443 U.S. 256, 260 n. 7 and 8 (1979); <u>Menne</u>, 861 F.2d at 1466; <u>Bell v. Mickelsen</u>, 710 F.2d 611, 619 (10th Cir. 1983)

(applying Wyoming law); Prosser and Keeton on Torts, § 47, p. 328 and § 52, pp. 347-48. Consequently, a tortfeasor who cannot prove the extent to which the harm resulted from other concurrent causes is liable for the entire harm. Subsection (2) of § 433B states the burden of proof also shifts to the defendant in the case of concurrent causes:

> "Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor."

These rules apply in § 1983 actions. Persons who concurrently violate others' civil rights are jointly and severally liable for injuries that cannot be apportioned. See Weeks v. Chaboudy, 984 F.2d 185, 188-89 (6th Cir. 1993); Finch v. City of Vernon, 877 F.2d 1497 (11th Cir. 1989); Hinshaw v. Doffer, 785 F.2d 1260, 1269 (5th Cir. 1986); Watts v. Laurent, 774 F.2d 168, 179 (7th Cir. 1985), cert. denied 475 U.S. 1085 (1986). We conclude the burden of proof also shifts to the defendant under those circumstances, whether or not all wrongdoers are before the court.

Burton v. Waller, 502 F.2d 1261 (5th Cir. 1974), cert. denied 420 U.S. 964 (1975), and Hessel v. O'Hearn, 977 F.2d 299 (7th Cir. 1992), on which Marin relies, do not support a different conclusion. Both cases involve alternative liability under § 433B(3), rather than concurrent liability under § 433B(2). Moreover, in both cases, because some of the defendants did no wrongful act, § 433B(3) was inapplicable, and the burden of proof could not properly be shifted to the defendants.

Marin also argues Northington was required to plead the burden shifting theory in his complaint. We disagree. A plaintiff is not required to plead legal theories in the complaint, as long as "a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." Evans v. McDonald's Corp., 936 F.2d

1087, 1090-91 (10th Cir. 1991) (quoting 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1219, p. 194 (1990)). See also Dominick's Finer Foods v. Amoco Oil Co., 1993 WL 524808, *7 (N.D. Ill. 1993). Here, any prejudice to Marin was cured by the remand to the magistrate for another evidentiary hearing. See 5 Wright & Miller, § 1219, pp. 194-95.

## IV.

After the magistrate ruled on remand that Marin had failed to prove his statements did not cause the assaults on Northington, Marin requested de novo review by the district court. In adopting the magistrate's report, the district court stated only: "The United States Magistrate Judge's Recommendation of June 23, 1995 is accepted and adopted. Defendant's Objection to Magistrate's Supplemental Recommendation is overruled. Judgment shall enter on the only remaining claim as recommended." Appellant's append. II at 327. Marin contends the brief order shows the district court failed to conduct de novo review. We disagree.

De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations. Where circumstances indicate the district court did not conduct de novo review, the case must be remanded. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995); Bratcher v. Bray-Doyle Independent School District, 8 F.3d 722, 724 (10th Cir. 1993). However, the district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient. Griego, 64 F.3d at 583-84; Bratcher, 8 F.3d at 724.

Marin cites <u>Summers v. Utah</u>, 927 F.2d 1165 (10th Cir. 1991), in which we held an order insufficient to show the district court conducted de novo review because the court was unaware plaintiff had objected to the magistrate's report, and the court did not state it had conducted de novo review, but only that it had reviewed the file and adopted the report.  <u>See also</u> <u>Ocelot Oil Corp. v. Sparrow Industries</u>, 847 F.2d 1458 (10th Cir. 1988) (court's statement that it had laboriously poured over record insufficient to show de novo review; court also stated it would not substitute its judgment for that of magistrate, showing deference to magistrate inconsistent with de novo review).

We conclude the circumstances here do not show the district court failed to conduct de novo review of the magistrate's supplemental report.  Although the district court's order did not expressly state review was conducted de novo, the court is presumed to be aware of that requirement.  <u>See</u> <u>Griego</u>, 64 F.3d at 580.  Unlike the court in <u>Summers,</u> the district court was aware of the objections to the report, and unlike the court in <u>Ocelot</u>, did not state it was deferring to the magistrate's judgment.  Although the order was brief, the scope of the supplemental report being reviewed was limited to a single issue; the magistrate's original report had been subjected to extensive de novo review. The circumstances here do not overcome the presumption that the district court knew the applicable standard of review.

## V.

Marin contends the award of $93,649.61 in attorney fees and costs was excessive. Contrary to Marin's assertions, the district court applied the correct legal standards for awarding fees under 42 U.S.C. § 1988.  The court reviewed the parties' submissions, applied the standards set out in <u>Ramos v. Lamm</u>, 713 F.2d 546 (10th Cir. 1983), and

concluded the number of hours and the hourly rate sought by plaintiff were reasonable. The amount of an attorney fee award under those standards is left to the discretion of the district court, and is subject to review only for abuse of discretion. See Gottlieb v. Barry, 43 F.3d 474, 486 (10th Cir. 1994); Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990).

The district court did not abuse its discretion in finding the number of hours expended was reasonable. Contrary to Marin's assertion, the court reviewed counsel's time records and concluded, with reductions made by counsel for duplicative work, time spent on the unsuccessful claim, and the firm's lack of expertise, the number of hours was reasonable. The hourly rates of $90 to $180 per hour accepted by the court were supported by evidence of prevailing rates charged by plaintiff's civil rights attorneys in the Denver area. We agree with the court's rejection of Marin's argument that the rate charged by attorneys defending penal institutions in civil rights cases was the appropriate rate. We conclude the district court did not abuse its discretion in determining the amount of the attorney fee award.

AFFIRMED.