**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KATHY MARTINEZ; MARLA FISHER; KATHERYN
GURULE; MARSHA WENZEL; SONIA GANLEY; JOY
GASS; GAYLE DEUTSCH, also known as Marcia Wolff;
PATSY ALLGOOD; VANGIE FIGUEROA; ELIZABETH
CVERNA; FRANK H. CVERNA; SHEREE STEVENS;
MICHAEL C. CRAWFORD; ANNE GEORGE; CECILIA
RIVERA; RHONDA CRAIG; WILLIAM J. CRAIG;
SUSAN PRYOR; FRANK N. PRYOR; FLORENCE
RODRIGUEZ; DONNY RODRIGUEZ; MARY SNIDER;
ALBERT SNIDER; N. JOAN YORK; JUDY ARAGON;
RITA DODSON; STEVE A. DODSON; SUE ANN
GARCIA; WILLIAM W. GARCIA; GLORIA RAEL;
FLORENTINO RAEL; DANETTE SHIRLEY; ROBERT
R. SHIRLEY; REBECCA JONES; LORI HARTLEY;
ROBERT THOMAS HARTLEY; CONNIE MATLOCK;
DARLA BEACH; GAYE MOESSER; TAMMY J.
KIRSCHMAN; SCHIRETE ZICK; DIANNE GARCIA;
PHIL A. GARCIA; BARBARA ALLRED; EDGAR
ALLRED; SHARON HAZELWOOD; MICHELLE T.
JONES; HAROLD J. JONES; RUTH PORTER;
RICHARD PORTER; EDITH SHAW; ALBERTA
KUSNETZ; NORMAN KUSNETZ; DEBBIE DOMSON;
CLAUDIA GATEWOOD; and ERIN ROSS,

      Plaintiffs-Appellees,

No. 97-2080
(CIV-96-8007-JC)
(D. New Mex.)

v.

HEYER-SCHULTE, INC.; AMERICAN HOSPITAL SUPPLY CORPORATION; BAXTER INTERNATIONAL CORPORATION; BAXTER HEALTHCARE; GENERAL ELECTRIC COMPANY; SURGITEK, INC.; BRISTOL-MYERS SQUIBB COMPANY; NATURAL SURGICAL SPECIALTIES; AESTHETECH CORPORATION; COOPERSURGICAL, INC.; CUI CORPORATION; FOAMEX, L.P.; FOAMEX PRODUCTS, INC.; KNOLL INTERNATIONAL HOLDING, INC.; '21' INTERNATIONAL HOLDINGS, INC.; MARKHAM MEDICAL INTERNATIONAL, INC.; MEDICAL ENGINEERING CORPORATION; SCOTFOAM CORPORATION; COOPER COMPANIES, INC., formerly known as Coopervision, Inc.; DOW CORNING CORPORATION; DOW CORNING WRIGHT CORPORATION; BIO-MANUFACTURING, INC.; BIOPLASTY, INC.; HULS AMERICA, INCORPORATED; INAMED CORPORATION; MCGHAN MEDICAL CORPORATION; MCGHAN NUSIL CORP.; MENTOR CORPORATION; MINNESOTA MINING AND MANUFACTURING CORPORATION; SIROD CORPORATION; UNION CARBIDE CHEMICALS AND PLASTICS COMPANY, INCORPORATED; UNION CARBIDE CORPORATION; UROPLASTY, INCORPORATED; WILSHIRE TECHNOLOGIES, INC.; MEC SUBSIDIARY CORPORATION, formerly known as Surgitek, Inc.; 1211 FOAM COMPANY; 1211 INTERNATIONAL HOLDINGS, INC.; NUSIL TECHNOLOGY, formerly known as McGhan Nusil Corp.; DOW CHEMICAL COMPANY, a foreign corporation; ST. JOSEPH HEALTHCARE SYSTEM; RICHARD GOODING, Dr.; and FRANK HERHAHN, Dr.,

Defendants,

_____

A. GILL DYER and HILLARY THOMAS MURPHY,

Intervenors-Appellants.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Intervenors-Appellants appeal the district court's dismissal with prejudice of their complaints and the court's award of costs to Plaintiffs-Appellees' counsel. Because the district court dismissed with prejudice the claims of a party, we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

In its dismissal, the district court adopted the magistrate judge's Proposed Findings

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and Recommendations filed February 10, 1997, without considering Intervenors' objections to those findings and recommendations. The court determined that Intervenors' objections were untimely filed. See Appellants' App. at 50-52 (Memorandum Opinion and Order, filed March 7, 1997). Intervenors contend that the district court erroneously calculated the time for filing objections to the magistrate judge's findings and recommendations, and, therefore, the court failed to conduct the requisite de novo review of those findings and recommendations and Intervenors' objections. Intervenors then ask this court to address the merits of their intervention claims. Plaintiffs agree that the district court miscalculated the time to file objections. However, Plaintiffs argue that the case should be remanded to the district court for de novo review of Intervenors' objections and Plaintiffs' responses to those objections.

After reviewing the record, we conclude that the district court erred in calculating the timeliness of Intervenors' objections to the magistrate judge's findings and recommendations under Federal Rule of Civil Procedure 6. Pursuant to 28 U.S.C. § 636(b)(1), we vacate the district court's Memorandum Opinion and Order and remand the case for the district court's de novo review of the timely filed objections to the magistrate judge's Proposed Findings and Recommendations. See Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996); Summers v. Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991). In view of our ruling, upon remand the case will be in the same posture as it

was on the day on which Intervenors' objections were timely filed, February 28, 1997.[1]

REVERSED and REMANDED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Our review of the applicable Federal Rules of Civil Procedure, the record, and the civil docket indicates that Intervenor A. Gill Dyer timely filed his objections to the magistrate judge's recommended disposition on February 28, 1997. Those objections were entered into the docket on March 3, 1997. We have determined that, under Federal Rules of Civil Procedure 5(b) and (6), Intervenors had until March 3, 1997, to timely file objections.