■ RAYMOND CONKLIN, Respondent-Appellant, v TOWN OF RAMAPO, Appellant-Respondent. [686 NYS2d 495] —In an action to recover damages for civil rights violations under 42 USC § 1983, (1) the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Rockland County (Bergerman, J.), dated October 27, 1997, which, *inter alia,* granted the plaintiff's application for an award of an attorney's fee pursuant to 42 USC § 1988, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same order which, *inter alia,* granted his application for an attorney's fee and costs in a reduced amount, and (2) the defendant appeals from a judgment of the same court, dated December 1, 1997, which is in favor of the plaintiff and against it in the principal sum of $246,837.77, and the plaintiff cross-appeals on the ground of inadequacy from the same judgment.

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbusements; and it is further,

Ordered that the judgment is modified by (1) adding to the first decretal paragraph thereof provisions reducing the amount of the award by the sums of (a) $875, representing duplicate entries for work performed on February 28, 1997, and May 6, 1997, (b) $2,987.50 for fees charged in connection with work performed on the dismissal of claims asserted under New York State law, and (c) $2,415 for fees requested for which the entries lacked specificity; (2) deleting from the second decretal paragraph thereof the sum of $685,259.75 and substituting therefor the sum of $678,982.25; and (3) deleting from the fifth decretal paragraph the sum of $246,837.77 and substituting therefor the sum of $240,560.27; as so modified the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and the cross appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the court's determination of the reasonable hourly rate to be applied was not an abuse of discretion (*see,* 42 USC § 1988; *Northington v Marin,*

102 F3d 1564, 1570; *Rum Cr. Coal Sales v Caperton,* 31 F3d 169, 174; *see also, National Wildlife Fedn. v Hanson,* 859 F2d 313, 317; *United States Football League v National Football League,* 887 F2d 408, *cert denied* 493 US 1071). However, in making reductions to the award, the court erred in failing to deduct the following sums: (1) $875, reflecting duplicate billing entries for the dates February 28, 1997, and May 6, 1997, as conceded by the plaintiff, (2) $2,987.50 for fees charged in connection with work performed on the dismissal of the plaintiff's State-law claims (*see, Hensley v Eckerhart,* 461 US 424, 434-435), and (3) $2,415 for fees requested for which the billing entries lacked specificity (*see, New York State Assn. for Retarded Children v Carey,* 711 F2d 1136, 1147-1148; *Meriwether v Coughlin,* 727 F Supp 823, 827).

The parties' remaining contentions are without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.