**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORENZO SALAZAAR,

      Plaintiff-Appellant,

v.

JEFF ENCINIAS, City of Raton Police
Officer, and CITY OF RATON,

      Defendant-Appellees.

Nos. 99-2248 & 99-2260
(D.C. No. CIV-97-503-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This appeal and cross-appeal arise from plaintiff's action, brought pursuant to 42 U.S.C. § 1983, in which he alleged that defendants violated his Fourth Amendment right to be free from unreasonable seizures when Officer Encinias used excessive force in arresting him and caused plaintiff to suffer a subdural hematoma. [1] The appeal is from the district court's grant of summary judgment in favor of defendant on causation: it ruled that plaintiff would not be permitted to present evidence of his subdural hematoma at trial because he had not presented sufficient evidence that Officer Encinias' actions were the proximate cause of the injury.

The cross-appeal is from the district court's action in amending the judgment to award nominal damages. Plaintiff's excessive force and battery claims proceeded to trial. The jury found that Officer Encinias did not batter plaintiff, but it did find that he used excessive force in arresting him. The jury further found that plaintiff did not prove that he was damaged, so it awarded no damages. Plaintiff made post-trial motions in which he argued that, because the jury found liability under § 1983, the court must amend the judgment to award nominal damages. The district court granted the motion and amended the judgment to reflect an award of one dollar in nominal damages. On cross-appeal,

---

[1]    Plaintiff also claimed that his arrest was without probable cause, but he has not appealed the district court's judgment on that claim.

defendant maintains that it was improper for the district court to amend the judgment to award nominal damages.

No. 99-2248

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to plaintiff. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Applying this standard, we conclude that the district court was correct in granting partial summary judgment and in precluding plaintiff from presenting evidence of his subdural hematoma.

Plaintiff's summary judgment evidence established that his injury could have been cause by "any one" of the blows plaintiff suffered that day: *either* Officers Encinias' excessive force *or* the attack by plaintiff's neighbor. Affidavit of Andrea Halliday, M.D., Appellant's App. at 52. In other words, the evidence established that this was a situation involving alternative liability. *See Menne v. Celotex Corp.,* 861 F.2d 1453, 1465-66 (10th Cir. 1988); *Northington v. Marin*, 102 F.3d 1564, 1568 (10th Cir. 1996) (discussing alternative and concurrent liability in concluding that case was one of concurrent liability). Citing *Northington*, plaintiff argues that the burden should be shifted to the defendant to prove he did not cause the harm. The burden-shifting portion of the *Northington* holding is not applicable in this case, however, because plaintiff's own summary judgment evidence establishes that this is a case of alternative, not concurrent,

liability.  *See id.* at 1568 (holding that "the burden of proof shifts to the defendant in the case of concurrent causes," regardless whether all wrongdoers are before the court).  Unlike a concurrent liability situation, the burden in an alternative liability case shifts to the defendant only when all wrongdoers are before the court.  *See Menne*, 861 F.2d at 1466; *Northington*, 102 F.3d at 1568 (citing *Menne*).  This is an alternative liability case, and, because plaintiff did not join both of the parties who could have caused his injury, he is not entitled to shift the burden to require that Officer Encinias prove that he did not cause the injury.  Consequently, the district court was correct in ruling that plaintiff did not present sufficient evidence of causation to submit the issue to the jury.

No. 99-2260

In his cross-appeal, defendant argues that it was at plaintiff's own hand that the jury was not instructed on nominal damages, and, thus, plaintiff should not have been heard to argue that he must be awarded nominal damages in light of the jury's finding of liability.  Alternatively, defendant also argues that the district court's amended judgment, awarding one dollar in nominal damages on the jury's liability finding, was an improper additur.  We conclude that the district court erred in amending the judgment to award nominal damages because plaintiff waived any right to nominal damages.

Defendant's proposed jury instruction number 13 instructed that:

-4-

IF YOU RETURN A VERDICT FOR THE PLAINTIFF, BUT FIND THAT PLAINTIFF HAS FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT HE SUFFERED ANY ACTUAL DAMAGES, THEN YOU MUST RETURN AN AWARD OF DAMAGES IN SOME NOMINAL OR TOKEN AMOUNT NOT TO EXCEED THE SUM OF ONE DOLLAR.

NOMINAL DAMAGES MUST BE AWARDED WHEN THE PLAINTIFF HAS BEEN DEPRIVED BY DEFENDANT OF A CONSTITUTIONAL RIGHT BUT HAS SUFFERED NO ACTUAL DAMAGE AS A NATURAL CONSEQUENCE OF THAT DEPRIVATION. THE MERE FACT THAT A CONSTITUTIONAL DEPRIVATION OCCURRED IS AN INJURY TO THE PERSON ENTITLED TO ENJOY THAT RIGHT, EVEN WHEN NO ACTUAL DAMAGES FLOW FROM THE DEPRIVATION. THEREFORE, IF YOU FIND THAT PLAINTIFF HAS SUFFERED NO INJURY AS A RESULT OF THE DEFENDANT'S CONDUCT OTHER THAN THE FACT OF A CONSTITUTIONAL DEPRIVATION, YOU MUST AWARD NOMINAL DAMAGES NOT TO EXCEED ONE DOLLAR.

Appellee/Cross-Appellant's App. at 32. Plaintiff objected to this instruction, both in open court and in a letter generally objecting to all of defendant's proposed instructions. *Id.* at 36 (District Court Order), 33. [2] Consequently, "[c]onsistent with Plaintiff's objections the jury was instructed that it could award compensatory damages, but no instruction was given on nominal damages." *Id.* at 36 (District Court Order).

---

[2] The transcript of the open-court objections to the jury instructions is not in the record, but plaintiff does not dispute the accuracy of this statement, made in the district court's order and in defendant's briefs before the district court and on appeal.

By objecting to the very instruction he now seeks to benefit from, plaintiff waived any right he had to a nominal damage award. *See United States v. Hardwell*, 80 F.3d 1471, 1487 (10th Cir. 1996) (stating that defendant may not invite a ruling and then seek to have it set aside on appeal); *see also Alexander v. Riga*, 208 F.3d 419, 429 (3d Cir. 2000) (holding that entitlement to nominal damages is not automatic: plaintiff must make a timely request for nominal damages), *petition for cert. filed*, (U.S. July 18, 2000) (No. 00-195); *Warren v. Fanning*, 950 F.2d 1370, 1374 (8th Cir. 1991) (affirming trial court's denial of motion to amend judgment to include nominal damages where, not only did plaintiff fail to object to instruction making nominal damage award discretionary, but plaintiff actually proposed instruction); *Sims v. Mulcahy*, 902 F.2d 524, 533-34 (7th Cir. 1990) (holding that plaintiff waived claim that jury was legally required to award nominal damages where plaintiff not only failed to object to jury instruction making nominal damages discretionary, but agreed with court that there was no required minimum amount of nominal or compensatory damages). The invited-error doctrine "prevents a party who induces an erroneous ruling from being able to have it set aside on appeal," *United States v. Burson*, 952 F.2d 1196, 1203 (10th Cir. 1991), and the same logic should apply to having the erroneous ruling set aside in a post-judgment motion. Having made the strategic choice to present the jury with an "all or nothing" option, plaintiff should not have been

heard to complain about the lack of nominal damages after the jury chose "nothing." Because plaintiff waived entitlement to any legal rule that he must be awarded at least nominal damages, deviation from the rule was not error. *See United States v. Olano*, 507 U.S. 725, 732-33 (1993). Consequently, there was no need for the district court to amend the judgment.

## Conclusion

We AFFIRM the district court's grant of partial summary judgment in No. 99-2248. We REVERSE the district court's ruling on the post-judgment motion in No. 99-2260, and we REMAND to the district court with instructions to vacate its amended judgment and reinstate the original judgment.

Entered for the Court

John C. Porfilio
Circuit Judge