**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

**DEC 5 2001**

**PATRICK FISHER**
**Clerk**

MARTY BUENO,

      Plaintiff-Appellant,

v.

DEBRA PYLE and TOM DURAN,

      Defendants-Appellees.

No. 00-1372
(D.C. No. 99-B-639)
(D. Colo.)

## ORDER AND JUDGMENT*

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Marty Bueno, a pro se state prisoner, brought this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when monetary gifts in his prison account were garnished to satisfy a state tax judgment against him. He

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

named as defendants Debra Pyle, a prison employee who administers inmate accounts, and Tom Duran, an employee with the state department of revenue whom Mr. Bueno alleges played a role in the garnishment. The matter was referred to a magistrate judge, who recommended that defendants' motion for summary judgment be granted. The district court reviewed the recommendation de novo, concluded that it was correct, and granted the motion. Mr. Bueno appeals and we affirm.[1]

The magistrate judge determined that gift money received by Mr. Bueno was not exempt from garnishment under state law, and alternatively concluded that Mr. Bueno's claim was barred by res judicata.[2] On appeal, Mr. Bueno asserts that the district court did not make the required de novo review of the magistrate judge's recommendation, that his claim is not barred by res judicata, and that his constitutional rights were violated when defendants garnished his monetary gifts in violation of state law.

Mr. Bueno first contends that, after he filed objections to the magistrate's recommendation, the district court did not conduct the required de novo review.

---

[1] We grant Mr. Bueno's motion to proceed on appeal in forma pauperis. Mr. Bueno is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

[2] Mr. Bueno filed a previous civil rights action challenging the garnishment of his prison account, alleging that the garnishment violated his right to due process by failing to give him notice and his right to equal protection. Those claims were resolved in favor of defendants.

-2-

We disagree. It is true that de novo review is required when, as here, a party makes timely objections to the report of a magistrate judge. *See Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). It is also true that a case must be remanded when circumstances indicate that the district court did not review the report de novo. *See id.* However, such circumstances are not present here. "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Id.* The district court's order expressly stated that Mr. Bueno had filed specific written objections to the recommendation and that the court had therefore conducted the required de novo review. *See* Rec. vol. I, doc. 38. Mr. Bueno contends that the court could not have conducted a de novo review because his objections were filed August 28, 2000, and the district court order was filed the next day. This fact in no way provides grounds for questioning the district court's statement that it had performed the mandated de novo review.[3]

Next we turn to Mr. Bueno's assertion that defendants are violating his constitutional rights by garnishing his monetary gifts in violation of state law. In so doing, we accept Mr. Bueno's argument that this claim could not have been presented in the prior proceeding and is therefore not barred by res judicata

---

[3] The record is not extensive and consists only of pleadings and attachments. Moreover, Mr. Bueno's objections merely restate the legal argument already presented in the pleadings.

because the defendants in the prior action were not garnishing monetary gifts in his account. We also accept Mr. Bueno's contention that he did not use state law procedures for protesting the garnishment because he did not receive a notice of lien and garnishment until after the funds at issue were already being deducted from his account. As discussed below, however, we conclude that monetary gifts may be garnished under state law.

Mr. Bueno bases his argument on COLO. REV. STAT. ANN. § 13-54-104 (West 2001). This provision provides some protection to a judgment debtor by placing limits on the percentage of his earnings subject to garnishment. Accordingly, it applies only to a judgment debtor's earnings as defined in the statute itself. The statute is comprised of three sections: the first section defines earnings for purposes of the statute, the second section sets out the maximum percentages of a judgment debtor's disposable earnings subject to garnishment, and the third section sets out the circumstances in which the limits of section two do not apply. The definitions of "disposable earnings" and "earnings" set out in the first part of the statute do not include monetary gifts. *See id.* § 13-54-104(1), (2). Because the statute by its terms only addresses the garnishment of earnings, and because monetary gifts are not within the statute's definition of earnings, the statute is simply irrelevant to Mr. Bueno's claim that monetary gifts are exempt

from garnishment.[4]

Mr. Bueno is incorrect in assuming that the only funds subject to garnishment are those addressed in section 13-54-104. The assets of a judgment debtor may be garnished unless they are expressly exempted. *See* COLO. REV. STAT. ANN. § 13-54.5-103(2) and (3) (West 2001) (tangible personal property capable of manual delivery subject to garnishment unless exempted by law); *see also Hudson v. Am. Founders Life Ins. Co.*, 417 P.2d 772, 776 (Colo. 1966) (policy of the law to subject all property of judgment debtor not specifically exempt to payment of his debts). While section 13-54-104 does provide exemptions for a percentage of earnings, as discussed above monetary gifts are not within that statute's definition of earnings. Other exempt property is set out in section 13-54-102, but monetary gifts are not among the exempt property listed in that section either. Accordingly, we conclude that monetary gifts are subject to garnishment under Colorado law, and that the garnishment here did not for that

---

[4] We note that even if monetary gifts were within the definition of earnings in section 13-54-104, that provision excludes from its garnishment limitations "[a]ny debt due for any state or federal tax." COLO. REV. STAT. ANN. 13-54-104(3)(a)(III) (West 2001).

reason violate Mr. Bueno's constitutional rights.

The judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge