FILED
United States Court of Appeals
Tenth Circuit

June 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CARLOS G. SANCHEZ,

        Petitioner-Appellant,

v.

JASON BRYANT, Warden,

        Respondent-Appellee.

No. 16-6027
(D.C. No. 5:15-CV-00079-R)
(W.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS**

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Mr. Carlos Sanchez, an Oklahoma prisoner, sought a writ of habeas corpus in U.S. District Court. Unsuccessful, he wants to appeal. To do so, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). The district court denied the certificate, and Mr. Sanchez asks us for one. We deny his request.

**Procedural History**

In state court, Mr. Sanchez was convicted of (1) aggravated trafficking in illegal drugs and (2) possession of a firearm while

committing a felony. For these crimes, Mr. Sanchez was sentenced to concurrent prison terms of 30 years and 2 years. The Oklahoma Court of Criminal Appeals affirmed, prompting Mr. Sanchez to seek habeas relief in federal district court below. The magistrate judge recommended denial of the habeas petition, and the district judge adopted the recommendation. Mr. Sanchez requests (1) a certificate of appealability so that he can appeal the denial of habeas relief and (2) leave to proceed in forma pauperis.

### Standard for Certificate of Appealability

To obtain a certificate of appealability, Mr. Sanchez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Mr. Sanchez can meet this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When a claim has been adjudicated on the merits in state court, a federal district court can grant habeas relief only if the applicant establishes that the state-court decision

- was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

- "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. 2254(d)(1)-(2) (2012). "Under the 'contrary to' clause, a federal [district] court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] or . . . decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause, the federal district court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

### Issue One: Bias of the U.S. Magistrate Judge

Mr. Sanchez contends that in the habeas proceedings, the magistrate judge showed bias in his report and recommendation by providing a one-sided statement of facts. This contention is not reasonably debatable.

A certificate of appealability on Mr. Sanchez's claim of bias is appropriate only if reasonable jurists could find that the magistrate judge's statement of facts demonstrated judicial bias "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

Mr. Sanchez has not satisfied this burden for two reasons: (1) He did not show actual bias on the part of the magistrate judge, and (2) the district judge independently considered the magistrate judge's recommended conclusions.

3

First, Mr. Sanchez did not show that the magistrate judge was biased. According to Mr. Sanchez, the magistrate judge's statement of facts omitted exculpatory facts and drew unfair factual inferences. These omissions and unfair inferences, Mr. Sanchez argues, establish the magistrate judge's actual bias. We disagree, for the putative omissions and inferences would not lead any reasonable jurist to question the magistrate judge's neutrality.

Second, the magistrate judge did not actually rule on the habeas petition. Instead, the magistrate judge simply recommended rulings to the district judge, who made his own decision on how to rule. In making this decision, the district judge exercised de novo review, meaning that he did not defer to the magistrate judge. *See Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (stating the standard for a district judge's review of magistrate judges' recommended rulings). As a result, even if the magistrate judge had been biased, no reasonable jurist could have found prejudice.

For both reasons, we deny a certificate of appealability on Mr. Sanchez's allegation of bias on the part of the magistrate judge.

### Issue Two: Application of *Stone v. Powell*

State officers found drugs in Mr. Sanchez's car after making a traffic stop and searching the car. Mr. Sanchez contends that the stop and search violated the Fourth Amendment because (1) the officers lacked probable

4

cause for the stop and (2) the officers extended the stop longer than necessary to effectuate the stop's purpose. Based on these alleged violations of the Fourth Amendment, Mr. Sanchez contends that the state trial court should have excluded the evidence found in the car. On habeas review, the federal district court declined to consider these claims, relying on *Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the U.S. Supreme Court held that federal habeas relief cannot be granted based on a Fourth Amendment violation if the state prisoner had a full and fair opportunity to litigate the Fourth Amendment claim in state court. *Stone*, 428 U.S. at 494. Mr. Sanchez argues that the state appellate court failed to provide a full and fair opportunity to litigate the issue by issuing an irrational decision.

A full and fair opportunity to litigate a claim "includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim." *Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978). A Fourth Amendment claim has not been fully and fairly heard, however, when "the state court willfully refuses to apply the correct and controlling constitutional standards." *Id.*

In state court, Mr. Sanchez raised the Fourth Amendment claims in a motion to suppress and in an appeal to the Oklahoma Court of Criminal Appeals. According to Mr. Sanchez, the state appellate court failed to sufficiently address the Fourth Amendment claims. We disagree with this

5

assessment of the state appellate opinion. In our view, any reasonable jurist would interpret the state appellate opinion as a rejection of Mr. Sanchez's constitutional claims.

The state appellate court had to consider the validity of the traffic stop because it affected the constitutionality of the resulting search. *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). The state appellate court ultimately concluded that the trial court had not erred in determining that the stop was permissible. *Sanchez v. Oklahoma*, Case No. F-2013-1128 (Okla. Crim. App. Dec. 15, 2014) (unpublished).

The state appellate court then addressed "the scope and duration of the seizure." *Id.* In doing so, the court held that the stop had not taken more time than needed to carry out the purpose of the stop. *Id.*

Any reasonable jurist would conclude that Mr. Sanchez had full and fair opportunities in the state trial and appellate courts to litigate his Fourth Amendment claims. As a result, habeas relief is unavailable under *Stone v. Powell*, requiring denial of a certificate of appealability on the Fourth Amendment claims.

### Issue Three: Admission of Prejudicial Evidence

Mr. Sanchez also alleges a deprivation of due process when the trial court allowed prejudicial testimony by a law enforcement officer. The

6

challenged testimony included the officer's statements that (1) Mr. Sanchez had been travelling on an interstate that constituted a "drug corridor" for traffickers, (2) Mr. Sanchez's body language during the traffic stop had indicated deception, and (3) drug traffickers often use older persons, like Mr. Sanchez, as drug couriers.

The federal district court could grant habeas relief only if the state trial court's evidentiary rulings had "rendered the trial so fundamentally unfair that a denial of constitutional rights result[ed]." *Mayes v. Gibson,* 210 F.3d 1284, 1293 (10th Cir. 2000). Federal courts must "approach such [fundamental-fairness] analysis with considerable self-restraint," reversing state-court rulings only in "'the most serious cases, which truly shock the conscience as well as the mind.'" *United States v. Rivera*, 900 F.2d 1462, 1477 (1990) (quoting *United States v. Penn,* 647 F.2d 876, 880 (9th Cir. 1980) (en banc)).

In our view, no reasonable jurist could find that the state trial court had violated Mr. Sanchez's right to due process by allowing the officer's testimony. Thus, Mr. Sanchez is not entitled to a certificate of appealability on this issue.

### Issue Four: Discovery Violation

Mr. Sanchez claims that the State committed a discovery violation under Oklahoma law by failing to disclose one of his prior arrests before using that arrest at trial. This discovery violation, Mr. Sanchez contends,

7

also constitutes a denial of his right to due process under the U.S. Constitution. The Oklahoma Court of Criminal Appeals rejected this argument on direct appeal, concluding that the State had not committed a discovery violation.

We can assume, without deciding, that the State committed a discovery violation. But the alleged discovery violation would result in a denial of due process only if the nondisclosure rendered the trial fundamentally unfair. *See Mayes v. Gibson,* 210 F.3d 1284, 1293 (10th Cir. 2000). If Mr. Sanchez were allowed to appeal, our court would decide the appeal based on "the entire proceedings, including the strength of the evidence against the petitioner." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (per curiam).

As the district court noted, the evidence against Mr. Sanchez was substantial. He was found travelling from California to Arkansas in a rental car containing a significant supply of drugs hidden inside the car door. Mr. Sanchez had not only the drugs but also the tools within his reach needed to retrieve the drugs. In light of this evidence, the fairness of the trial is not subject to reasonable debate. Thus, we conclude that Mr. Sanchez is not entitled to a certificate of appealability on this issue.

## Issue Five: Prosecutorial Misconduct

Mr. Sanchez alleges that the prosecutor's closing argument violated the constitutional right to a fair trial by (1) inserting impermissible

8

personal opinion and facts not in evidence, (2) mocking the defense theory, and (3) shifting the burden of proof to Mr. Sanchez.

## I.    The Due Process Standard

Mr. Sanchez's first two claims of prosecutorial misconduct implicate a general right to due process. Claims of prosecutorial misconduct are ordinarily considered under the fundamental-fairness standard. *Torres v. Mullin,* 317 F.3d 1145, 1159 (10th Cir. 2003). When applying this standard, we consider the prosecutor's comments in the context of the proceeding as a whole. *United States v. Young,* 470 U.S. 1, 11 (1985). In doing so, we examine the strength of the evidence against the defendant and the cautionary steps taken by the court to counteract any improper remarks. *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002). In addition, we exercise caution when interpreting offending comments, for "a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

## II.    Insertion of Personal Opinions and References to Facts Not in Evidence

If Mr. Sanchez were allowed to appeal, our court would consider whether the jury might "reasonably believe that the prosecutor [was] indicating a personal belief in the witness' credibility, either through

9

explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony." *United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir. 1990). Where the prosecutor does not personally vouch for a witness in this way, his statements constitute permissible "fair comment" on the evidence. *United States v. Hartsfield,* 976 F.2d 1349, 1354-55 (10th Cir. 1992). If the prosecutor's comments are improper, we decide whether the improper conduct resulted in a denial of due process. *United States v. Kravchuk,* 335 F.3d 1147, 1153 (10th Cir. 2003).

Mr. Sanchez points to the prosecutor's statements during closing arguments regarding the value of methamphetamine and the usual routes for drug smuggling operations, characterizing these statements as personal opinions. In addition, Mr. Sanchez contends that there was no evidence to support the prosecutor's statements regarding forfeiture procedures in drug cases and the cost of a rental car.

The statement regarding drug-smuggling routes does not indicate personal belief in the truth of any testimony. The prosecutor made one statement, however, that could reasonably be interpreted as an indication of personal agreement with the veracity of a witness's testimony:

> 450 grams to a pound. That's $45,000 a pound. If only two of those are methamphetamine, that's almost $100,000. If all ten of them are methamphetamine, it's closer to half a million. *Now, you know which I think of those is the truth.* You can decide what you think.

10

TR Vol. III, at 28 (emphasis added). Although this comment might have been improper, it did not taint the outcome and no reasonable jurist could question the fundamental fairness of the trial. As a result, Mr. Sanchez is not entitled to a certificate of appealability on this issue.

## III. Mocking the Defense Theory

At trial, the prosecutor said that it would have been a "wild coincidence" if the defendant had not knowingly possessed the drugs found in his rental car. *Id.* at 30.

According to Mr. Sanchez, this statement involved mockery of his defense. In our view, all reasonable jurists would reject this contention, for the prosecutor's remark involved a fair comment on the evidence. *See Hooper v. Mullin*, 314 F.3d 1162, 1172-73 (10th Cir. 2002).

## IV. Shifting the Burden of Proof

In closing argument, the prosecutor noted the lack of evidence to substantiate Mr. Sanchez's defense theory. According to Mr. Sanchez, this statement constituted an effort to shift the burden of proof.

It is true that a defendant cannot be required to prove his innocence. *See Mullaney v. Wilbur*, 421 U.S. 684, 703 (1975); *Torres v. Mullin*, 371 F.3d 1145, 1158 (10th Cir. 2003). But the prosecutor's comment did not effectively deny Mr. Sanchez the presumption of innocence.

11

In closing argument, the prosecutor acknowledged the State's burden of proving every element, but contended that the evidence showed guilt. In these circumstances, no jurist could reasonably credit Mr. Sanchez's characterization of the prosecutor's closing argument.

\* \* \*

Reasonable jurists could not debate the district court's rejection of the habeas claims involving the prosecutor's closing arguments. Thus, Mr. Sanchez is not entitled to a certificate of appealability on this issue.

**Issues Six and Seven: Sufficiency of the Evidence**

In his sixth and seventh issues, Mr. Sanchez argues that the State presented insufficient evidence for a conviction. In issue six, Mr. Sanchez asserts that there was no evidence of his possession of drugs in the rental car. In issue seven, Mr. Sanchez argues that because there was insufficient evidence of drug trafficking, there was also insufficient evidence of possession of a firearm while committing a felony.

"A challenge to a state conviction brought on the ground that the evidence cannot fairly be deemed sufficient to have established guilt beyond a reasonable doubt states a federal constitutional claim." *Jackson v. Virginia,* 443 U.S. 307, 322 (1979). Challenges to the sufficiency of evidence to support a conviction are decided under a highly deferential standard. *Id.* at 319. The question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). We presume the correctness of the factual findings by the Oklahoma Court of Criminal Appeals unless Mr. Sanchez rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (2012).

To demonstrate possession of drugs, the State needed to present evidence that Mr. Sanchez had "knowingly [held] the power and ability to exercise dominion and control over [the drugs]." *United States v. Massey*, 687 F.2d 1348, 1354 (10th Cir. 1982).

At trial, the State presented evidence that

- illegal drugs had been stowed inside the rear door of the rental car and

- Mr. Sanchez had tools inside the car that would allow him to open the door panels to access the drugs.

From this evidence, the jury could reasonably infer that Mr. Sanchez had possession of the drugs. Therefore, the evidence was sufficient for a conviction on drug trafficking.

Because there was sufficient evidence to support the drug conviction, all reasonable jurists would reject Mr. Sanchez's challenge to the sufficiency of evidence on the gun charge. Thus, Mr. Sanchez is not entitled to a certificate of appealability on issues six and seven.

13

## Issue Eight: Proportionality of the Sentence
## for Aggravated Drug Trafficking

Mr. Sanchez contends that his 30-year sentence for aggravated drug trafficking is grossly disproportionate to his crimes. The district court rejected this contention, and this disposition is not reasonably debatable.

The U.S. Supreme Court has recognized a constitutional right under the Eighth Amendment to proportionality between the sentence and the crime. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The constitutional right to proportionality is "narrow," forbidding "only extreme sentences that are grossly disproportionate to the crime." *United States v. Williams*, 576 F.3d 1149, 1165 (10th Cir. 2009); *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case.").

The state appeals court concluded that Mr. Sanchez's sentence was "within the range of punishment provided by law." *Sanchez v. Oklahoma*, Case No. F-2013-1128 (Okla. Crim. App. Dec. 15, 2014) (unpublished). That conclusion was consistent with Supreme Court precedent. In *Harmelin v. Michigan*, the Supreme Court upheld a life sentence, without the possibility of parole, for possession of 650 grams or more of cocaine. *Harmelin v. Michigan*, 501 U.S. 957, 961, 996 (1991). And in *Hutto v. Davis*, the Supreme Court upheld a 40-year sentence for possession with

14

intent to distribute and distribution of only 9 ounces of marijuana. 454 U.S. 370, 370, 375 (1982) (per curiam).

In light of these holdings, the state appeals court could reasonably have determined that Mr. Sanchez's sentence was constitutional. Mr. Sanchez was caught while transporting distributable quantities of methamphetamine, and drug trafficking is widely recognized as a particularly serious crime. *E.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 1002 (1991); *United States v. Angelos*, 433 F.3d 738, 751-52 (10th Cir. 2006). As a result, no reasonable jurist could conclude that Mr. Sanchez's 30-year sentence was grossly disproportionate to his conviction for aggravated drug trafficking.

## Issue Nine: Cumulative Error

Finally, Mr. Sanchez relies on the cumulation of constitutional violations that may otherwise be harmless. Because we conclude that no reasonable jurist would find any constitutional errors, we conclude that Mr. Sanchez is not entitled to a certificate of appealability on this issue. *See United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (denying a certificate of appealability on a claim of cumulative error because our court had found no merit to any of the other claims).

## Disposition

We deny Mr. Sanchez's request for a certificate of appealability and dismiss the appeal.

## Leave to Proceed in Forma Pauperis

The district court denied Mr. Sanchez leave to proceed in forma pauperis, certifying that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) (2012). Mr. Sanchez asks us to grant leave to proceed in forma pauperis. We decline to do so, for we agree with the district court that the appeal is not taken in good faith because all of the appeal points are frivolous. *See Rolland v. PrimeSource Staffing, LLC*, 497 F.3d 1077, 1078 (10th Cir. 2007) (denying leave to proceed in forma pauperis based on our conclusion that the appeal had not been taken in good faith).

Entered for the Court


Robert E. Bacharach
Circuit Judge