**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROSALIE M. MEDINA,

     Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

     Defendant-Appellee.

No. 02-2256
(D.C. No. CIV-01-982 MCA/DJS)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , Chief Judge, **HARTZ** , and **O'BRIEN** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's judgment affirming the Commissioner's denial of social security disability benefits at step four of the five-step sequential evaluation process. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing evaluation process). We have jurisdiction, and we affirm.

"We review the Commissioner's decision to determine whether h[er] factual findings were supported by substantial evidence and whether [s]he applied the correct legal standards." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate support for a conclusion. *Id.* We may not, however, reweigh the evidence or substitute our judgment for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Plaintiff applied for social security disability benefits in December of 1995 alleging disability beginning April 28, 1995, due to depression and anxiety. In a second disability report (undated, but apparently prepared in September of 1997), she listed her disabling condition as lower back pain. After initial and reconsideration denial, she was afforded a hearing before an administrative law judge (ALJ) in May of 1999. The ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date; that her impairments were severe but did not meet or equal a listed impairment; that she retained the residual

functional capacity (RFC) for at least light work; and that she could return to her past relevant work as a tape librarian. The ALJ also found plaintiff's allegations "not entirely credible and are not supported by objective medical evidence." Aplt. App., Vol. II at 37.

In district court, plaintiff argued that the ALJ erred in (1) failing to weigh all the evidence and providing no explanation for rejecting the opinions and assessments of plaintiff's treating medical providers; (2) substituting her opinion for that of medical experts; (3) providing a psychiatric evaluation not supported by substantial evidence; and (4) failing to make explicit and necessary findings as to the physical and mental demands of plaintiff's past work. Finally, plaintiff alleged the district court should remand her cause to the agency with instructions to award benefits. Aplt. App., Vol. 1 at 7. The magistrate judge reviewed the record and plaintiff's arguments, concluding that the ALJ had committed no error. Following consideration of plaintiff's objections, the district court adopted the magistrate judge's proposed findings and recommended disposition.

Plaintiff raises five issues on appeal: (1) the district court failed to conduct a de novo review of the magistrate judge's proposed findings and recommendation; (2) the Commissioner erred in substituting her opinion for that of the medical experts; (3) the Commissioner failed to accord adequate weight to the medical opinions and findings of Drs. Hunter and Greene; (4) the

Commissioner failed to consider the effect of plaintiff's depression and anxiety on her RFC; and (5) the Commissioner erred in determining plaintiff could return to her past relevant work.

As for plaintiff's first argument, the district court is presumed to be aware of the requirement that it review the magistrate judge's findings and recommendation de novo. *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). The court expressly acknowledged plaintiff's objections to the magistrate judge's report and did not state it was deferring in any way to the magistrate judge's judgment. *Id.* This argument is therefore without merit.

Next, plaintiff contends the ALJ improperly substituted her own opinion for those of the medical experts. We disagree. The ALJ considered plaintiff's medical evidence and various X-rays, which showed some definitive signs of osteoporosis and mild scoliosis, but no significant degenerative changes or other abnormalities. It is clear that the "ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Plaintiff also contends the ALJ erred in concluding her anxiety attacks were controlled by medication. Again, however, plaintiff herself reported to the consulting psychiatrist that her "anxiety attacks are controlled with the use of medication, but, she is still experiencing free-floating anxiety." Aplt. App., Vol. II at 229.

The ALJ also considered plaintiff's testimony at the hearing in determining that her allegations were not entirely credible and not supported by objective medical evidence. *Id.* at 37. That testimony included plaintiff's statements that her depression related to losing her job, *id.* at 52; that counseling helped her somewhat, *id.* at 54; that her panic attacks were less frequent than before, *id.* at 56; that the Quantera she takes daily for depression has produced some improvement, *id.* at 64; that she has had bouts with depression during the twenty-three years she worked, which would resolve themselves after a period of time, *id.* at 64-65; that Klonopin has helped with her anxiety attacks, *id.* at 65.

For her third claim of error, plaintiff contends that the ALJ failed to accord controlling weight to the medical opinions and findings of Drs. Hunter and Greene, plaintiff's treating psychiatrist and psychologist, respectively. We note, however, that Dr. Hunter's records only contained treatment notes, a laboratory report, and prescriptions. *Id.* at 247-51. Plaintiff reported to Dr. Hunter that she had experienced depression for thirty years, *id.* at 250, which the ALJ specifically questioned her about. Plaintiff does not specify what opinion of Dr. Hunter's the ALJ failed to consider, nor are we able to discern one.

Dr. Greene's records consisted of a one-page, "to-whom-it-may-concern" letter outlining his work with plaintiff, including the observation that as of September 1998, "she reports her anxiety and depression are somewhat better but

-5-

still struggles with problems of pain and worthlessness." *Id.* at 254. Dr. Hunter stated plaintiff "continues to work on her issues in outpatient therapy." *Id.* As with Dr. Hunter, Dr. Greene did not offer an opinion regarding her abilities.

Plaintiff suggests that the lack of an opinion in these records required the ALJ to recontact the treating physicians to obtain additional information under 20 C.F.R. § 204.1512(e). Aplt. Br. at 25-26. Contrary to plaintiff's argument in her reply brief at 8-9, the Commissioner correctly responds that this issue was not raised in the district court, and we will not address it on appeal. *See Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996) (collecting cases).

Plaintiff next argues that the Commissioner failed to consider the effect of plaintiff's depression and anxiety on her RFC. In district court this issue was phrased as the alleged failure of the ALJ to support her Psychiatric Review Technique Form (PRTF) by substantial evidence. While these arguments are not identical, we disagree that the ALJ failed to support the PRTF by substantial evidence. In addition to the slight restrictions of daily living activities, the ALJ noted plaintiff has moderate difficulties in maintaining social functioning, incorporating some of the very limitations plaintiff claimed the ALJ ignored. Aplt. Br. at 27; Aplt. App., Vol. II at 36, 120-22. He also noted she had mild depression, but seldom had difficulties in concentration, persistence or pace,

and never had episodes of deterioration or decompensation in work or work-like settings. *Id.* at 37, 39-42.

Finally, plaintiff alleges the Commissioner erred in determining that plaintiff could return to light work performed as a tape librarian. At step four of the process it is plaintiff's burden to show she cannot perform her particular former occupation or her former occupation as generally performed throughout the national economy. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993). The ALJ found that plaintiff could perform the position of tape librarian as it is described in the Dictionary of Occupational Titles (DOT) (4th ed. 1991). *See* DOT, Vol. I, 206.367-018. She has failed to show otherwise. The agency accepts the DOT's definitions as reliable evidence at step four of the functional demands and job duties of a past job as it is usually performed in the national economy. *Haddock v. Apfel*, 196 F.3d 1084, 1090 (10th Cir. 1999). Further, plaintiff's own description of her job duties included comparable functions stated in the DOT listing. We find this argument to be without merit.

AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge

-7-