**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WALDO MACKEY,

      Plaintiff - Appellant,

v.

KATHLEEN LYONS, Librarian; MR.
BARNES, Case Manager; MR.
SMELTZER, Investigator; JIM DAY,
Major,

      Defendants - Appellees.

No. 02-1063
D.C. No. 01-Z-1666
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

Waldo Mackey, an inmate at the Fremont Correctional Facility, appeals

from the district court's dismissal of his civil rights complaint as frivolous. He

also seeks leave to proceed on appeal without prepayment of costs or fees,

pursuant to 28 U.S.C. § 1915. That request is granted; appellant is reminded of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his obligation to continue making partial payment until the entire appellate filing fee is paid. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. [1]

We review the district court's dismissal on frivolousness grounds for abuse of discretion, taking into account appellant's pro se status, and considering whether the district court applied erroneous legal standards. *See Denton v. Hernandez*, 504 U.S. 25, 33, 34 (1992). Appellant complains that the district court wrongly denied his attempts to amend his original complaint and argues that his claims have merit and should not have been dismissed. Upon consideration of his arguments in light of applicable standards and legal principles, and after a careful review of the appellate record, we agree. For the reasons stated below, this case will be remanded to the district court for further proceedings.

*Procedural History*

Appellant and a co-plaintiff filed the underlying suit against prison officials, along with a motion for a temporary restraining order (TRO), claiming violation of their rights under the Eighth and Fourteenth Amendments in connection with their participation in an investigation of a prison staff member at

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

the Limon Correctional Facility. *See* Rec. Vol. I, doc. 5. They also generally alleged retaliation. After the motion for a TRO was denied, appellant filed a motion to amend the original complaint by adding a First Amendment claim, signing the motion on behalf of himself and his co-plaintiff. *Id.*, doc. 24. The district court denied this motion because appellant's co-plaintiff had not signed the motion and because appellant's First Amendment claim was vague and failed to name a defendant. *Id.*, doc. 25. The court gave plaintiffs thirty days to cure these deficiencies. *Id.*

After filing a request to represent his co-plaintiff pursuant to a power of attorney, but before receiving the court's denial of that request, appellant filed an amended complaint on behalf of both plaintiffs. *Id.*, doc. 28 (First Amended Complaint). The First Amended Complaint was filed within the thirty-day deadline set by the district court and appears to have cured the deficiencies the court noted with regard to appellant's First Amendment claim. *See id.* at 4. A week later, appellant sent a letter to the court acknowledging that the court had denied his request to represent his co-plaintiff, and concluding that, therefore, the court would not review his First Amended Complaint. In his letter, appellant stated that "this turns out for the best because the original complaint was more thorough." *Id.*, doc. 31. He also requested copies of the original complaint and

the First Amended Complaint. *Id.* The court granted his request for copies. *Id.*, doc. 33.

Next, appellant filed a motion to "sever" his co-plaintiff from the case so that he could proceed alone. *Id.*, doc. 32. He again noted his assumption that the court had denied his First Amended Complaint, *id.* at 2, and requested that the court allow him to amend the original complaint to add new claims of retaliation and religious discrimination. *Id.* at 2-3. Without addressing appellant's request to amend his complaint, the court denied the motion to "sever," noting that the co-plaintiff had not sought to dismiss himself voluntarily from the case. *Id.*, doc. 34. Ultimately, upon receipt of a motion to withdraw from appellant's co-plaintiff, the court dismissed the co-plaintiff from the suit. *See id.*, docs. 35, 36. Appellant then filed a motion seeking reconsideration of the court's denial of his request to amend the original complaint, recognizing that the court had dismissed his co-plaintiff. *See id.*, doc. 37. The court summarily denied this motion. *Id.*, doc. 38.

Appellant subsequently filed a "Motion to Withdraw Amended Complaint," noting his confusion about which complaint the court was going to review. He requested that the court give him an opportunity to cure the deficiencies in his original complaint or, if the court was going to review the First Amended Complaint, that he be allowed to amend it further after the defendant s were

-4-

served and had answered. *Id.*, doc. 39 at 2. Three days later, the court filed an order and judgment of dismissal. *Id.*, doc. 40. The court noted that the First Amended Complaint was signed only by appellant, and stated that appellant had not filed another amended complaint since the dismissal of his co-plaintiff. Therefore, the court concluded, it would review only his original complaint. *Id.* at 2. In this ruling, the court also dismissed appellant's original claims as frivolous. *Id.* at 5. On the same day, the court denied appellant's "Motion to Withdraw Amended Complaint" as moot. *Id.*, doc. 41.

In response, appellant filed another amended complaint, reiterating his original claims and including new claims alleging retaliation, due process violations and religious discrimination. *Id.*, doc. 43 (Second Amended Complaint). He also filed a motion to vacate the district court's judgment, attaching a memorandum setting out facts in support of his claims, accompanied by exhibits, and arguing the legal merits of those claims. *Id.*, doc. 42. The district court denied his motion, concluding that appellant was adding new claims not previously considered, and that he failed to show that the court misapplied the law. *Id.*, doc. 44 at 3. This appeal followed.

*Leave to Amend*

Reviewing the above chronology, it is clear that appellant consistently sought to amend his original complaint. During the short time this case was

before the district court, appellant filed pleadings containing no fewer than four requests to amend and two amended complaints. The Federal Rules of Civil Procedure provide that a litigant may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). "Otherwise, a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." *Id.* Although the district court properly denied appellant's attempts to add claims on behalf of his co-plaintiff, represent his co-plaintiff, and voluntarily dismiss his co-plaintiff, the district court erred in failing to allow appellant to amend his own claims. Once appellant had cured the deficiencies in his proposed First Amendment claim by filing his First Amended Complaint, the district court should have considered that complaint insofar as it set out appellant's claims.

Further, the court erred in failing to rule on the subsequent request for leave to amend which was included in appellant's motion to "sever" his former co-plaintiff. When appellant sought reconsideration of the denial of that motion insofar only as it related to his request to amend, the court denied the reconsideration motion in a minute order without explanation. *See* Rec. Vol. I, doc. 38. "[O]utright refusal to grant . . . leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). Similarly, the court erred in refusing to consider the motion to amend contained in appellant's "Motion to Withdraw Amended Complaint," and in its subsequent denial of the motion as moot after dismissing his original complaint.

We recognize that appellant was not actually required to seek leave of court to amend his complaint initially, because no responsive pleading was ever served. *See* Fed. R. Civ. P. 15(a). However, he did so in light of the court's rulings in connection with his attempts to include his co-plaintiff in his first motion to amend and his confusion about whether the court was going to consider the First Amended Complaint. Also, after filing his First Amended Complaint, the record indicates appellant continued to seek leave to amend to include additional claims of retaliation and religious discrimination. The district court should have considered these requests. Appellant did file one letter and a motion that requested withdrawal of his First Amended Complaint, but only in the event that he would be allowed to further amend his original complaint. In light of appellant's pro se status, the district court erred in failing to rule on his requests for leave to amend. Therefore, its conclusion that it would review only the original complaint was an abuse of the court's discretion.

*Plaintiff's Claims*

The district court dismissed appellant's claims as frivolous. We conclude that, in reviewing appellant's pleadings, the district court failed to apply correct legal standards, resulting in an abuse of its discretion. Because we believe that the district court failed to liberally construe appellant's pleadings, and because appellant's pleadings state cognizable claims for relief, we reverse the court's dismissal of appellant's case.

Appellant's first claim, stated in his original complaint and maintained throughout his additional pleadings, is that defendant Lyons, the library supervisor under whom he worked while at the Limon facility, violated his rights under the Eighth Amendment when she told other inmates that appellant was a snitch, resulting in his being assaulted, put in segregation, and, he alleges, being in fear for his life. *See* Rec. Vol. I., doc. 5 at 2. Deliberate indifference by a prison official to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In this circuit, "labeling an inmate a snitch . . . constitutes deliberate indifference to the safety of that inmate." *Benefield v. McDowall*, 241 F.3d 1267, 1271-72 (10th Cir. 2001) (citing *Northington v. Marin*, 102 F.3d. 1564, 1567 (10th Cir. 1996)). Appellant's factual allegations, taken as true as they must be at this stage of the proceeding, support his Eighth Amendment claim. The district court failed to

recognize this claim, despite the detailed factual allegations in appellant's original complaint and his citation to both *Farmer* and *Northington* in the accompanying motion for a TRO. *See* Rec. Vol. I, doc. 7 at 3.

Appellant also alleged a retaliation claim in connection with his transfer from Limon to the Sterling Correctional Facility and complained about the loss of his job at the Limon facility library. The district court concluded that he failed to assert facts in support of his retaliation claim and stated that inmates are not entitled to a specific placement or degree of liberty. *See id.*, doc. 40 at 4-5. The court also noted that "loss of a prison job does not rise to the level of an Eighth Amendment claim." *Id.* at 4. However, subsequent pleadings filed by appellant demonstrate that his job claim was a retaliation claim. As noted above, the district court erred in considering appellant's subsequent attempts to amend his complaint. Those pleadings include further factual allegations about his claim of retaliatory transfer, which may have cured the deficiencies in his original complaint. This court has held that retaliation claims are cognizable even where the alleged retaliatory action would be otherwise permissible. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

*Conclusion*

"We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would

yield a meritorious claim." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.), *cert. denied*, 122 S. Ct. 274 (2001). At the very least, appellant's Eighth Amendment claim is cognizable on the facts already alleged. On remand, in light of appellant's pro se status and the fact that no responsive pleading has yet been entered in the case, the district court should consider appellant's attempts to amend his complaint not only to cure the deficiencies in his original complaint, but to add further claims, *see, e.g.,* Rec. Vol. I, doc. 43 (Second Amended Complaint). The judgment of the United States District Court for the District of Colorado is REVERSED, and the case REMANDED for further proceedings.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge