

**FILED**
June 07, 2022 04:51 PM
SX-2017-CR-00023
**TAMARA CHARLES**
**CLERK OF THE COURT**

# SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | |
| PLAINTIFF, | **SX-2017-CR-023** |
| v. | |
| **QUANZA J. HEATH,** | |
| DEFENDANT. | **CITE AS: 2022 VI SUPER 55** |

**Appearances:**
**Eric Chancellor, Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For Plaintiff*

**Martial A. Webster, Esq.**
Law Office of Martial A. Webster, Sr.
St. Croix, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** is before the Court on Defendant Quanza J. Heath's (hereinafter "Defendant") motion to dismiss, filed on September 21, 2021, and Defendant's motion to suppress, filed on September 21, 2021. On December 1, 2021, the People of the Virgin Islands (hereinafter "People") filed their oppositions thereto. As of the date of this Memorandum Opinion and Order, Defendant has not filed his replies thereto.

## BACKGROUND

¶ 2 On the evening of January 24, 2014, at approximately 7:00 p.m., Detective Leon Cruz (hereinafter "Detective Cruz") and Lieutenant Dino Herbert (hereinafter "Lieutenant Herbert") were present at Defendant's residence to conduct "a follow-up investigation and as well in an

attempt to make contract with [Defendant], whom [Detective Cruz] have the knowledge of operating a two door Chevy Blazer, faded in color." (Cruz Aff. ¶ 3A.)[1] While Lieutenant Herbert was talking to Defendant's uncle, Armory Winston (hereinafter "Winston"), Detective Cruz observed Defendant's vehicle drive pass Defendant's residence and informed Lieutenant Herbert. (Id. ¶ 3B.) Lieutenant Herbert asked Winston if "that's his nephew driving the blazer." (Id. ¶ 3C.) Winston responded that he did not know. (Id.) At that point, Detective Cruz confirmed that the individual driving was Defendant and Detective Cruz and Lieutenant Herbert got into their vehicle to pursue said vehicle. (Id.) Detective Cruz and Lieutenant Herbert observed that the vehicle made a left turn into a residential area with a dead end and as they followed the vehicle and made the same left turn, the vehicle was parked adjacent to the bush area facing south into their direction with the head lights off. (Id. ¶ 3D.) The officers ordered Defendant to exit the vehicle and Defendant exited the vehicle immediately and fled into the bush area nearby. Defendant reappeared shortly after, and the officers had a conversation with Defendant. (Id. ¶¶ 3D, E.) The officers also requested a search of the immediate bush area where Defendant fled to. (Id. ¶ 3E.) Police officer Jason Viveros (hereinafter "Officer Viveros") along with his K9 dog searched the bush area where Defendant had fled to and found a firearm. (Id.) Subsequently, Forensic Detective Darius George (hereinafter "Detective George") arrived to process the crime scene and "while conducting a further search of the area[,] a clear sandwich bag containing live .40 caliber rounds were also found in the bushes area adjacent to Defendant's vehicle hanging from the branches." (Id.) Defendant was then placed under arrest and transported to the Wilbur Francis Police Station.

---

[1] A copy of Detective Leon's affidavit, dated January 31, 2014, was attached to Defendant's motion to suppress and relied upon by Defendant therein for the facts in this matter.

(Id. ¶ 3F.) A firearm records check was conducted and it was revealed that Defendant did not have authority to carry or possess firearm(s) or ammunition(s) in the U.S. Virgin Islands. (Id. ¶ 3G.) The firearm was identified as being a .40 caliber, Taurus PT 140 PRO with an obliterated serial number, with a chambered round (1) and a full magazine (10). (Id. ¶ 3J.) The firearm was test fired and it was revealed that it was an operable firearm. (Id.)

¶ 3     On February 7, 2014, the People filed an information against Defendant based on the events that took place on January 24, 2014, criminal case number SX-2014-CR-033 (hereinafter "2014 Case"). The information included the following five counts against Defendant: Count I- unauthorized possession of a firearm, in violation of Title 14 V.I.C. 2253(a), Count II-possession of ammunition in violation of Title 14 V.I.C. 2256(a), Count III-failure to report firearms obtained outside or brought into the Virgin Islands in violation of Title 23 V.I.C. 470(a), Count IV-alteration of identifying marks of a weapon in violation of Title 23 V.I.C. 481(a), and Count V-carrying or using a dangerous weapon in violation of Title 14 V.I.C. 2251(a)(1).

¶ 4     On June 5, 2014, Defendant filed a motion to suppress in the 2014 Case (hereinafter "2014 Motion to Suppress") whereby Defendant sought to suppress the evidence seized from him as a result of the stop and search and the statements made during the search. *People of the V.I. v. Heath*, 63 V.I. 80, 85 (V.I. Super. Ct. July 10, 2015). On September 16, 2014, a suppression hearing was held in the 2014 Case where Officer Viveros, Detective Cruz, and Detective George testified. *Id.*, 63 V.I. at 85-86. On July 10, 2015, a memorandum opinion and an order were entered in the 2014 Case denying Defendant's 2014 Motion to Suppress. *Id.*, 63 V.I. at 94. The factual background stated in the July 10, 2015 memorandum opinion was consistent with Detective Cruz's affidavit.

¶ 5     On February 22, 2016, an order was entered in the 2014 Case granting the People's motion to dismiss without prejudice and dismissing the 2014 Case without prejudice.

¶ 6     On January 24, 2017, the People filed an information in this matter against Defendant based on the events that took place on January 24, 2014, criminal case number SX-2017-CR-023. The information included the same five counts previously included in the information of the 2014 Case: Count I-unauthorized possession of a firearm, in violation of Title 14 V.I.C. 2253(a), Count II-possession of ammunition in violation of Title 14 V.I.C. 2256(a), Count III-failure to report firearms obtained outside or brought into the Virgin Islands in violation of Title 23 V.I.C. 470(a), Count IV-alteration of identifying marks of a weapon in violation of Title 23 V.I.C. 481(a), and Count V-carrying or using a dangerous weapon in violation of Title 14 V.I.C. 2251(a)(1).

¶ 7     On January 24, 2017, an arrest warrant was issued for Defendant for the charges included in the information filed in this matter. On January 27, 2017, Defendant was arrested.

¶ 8     On February 8, 2017, an amended information was filed. The amended information removed Count V from the initial information.

¶ 9     On September 21, 2021, Defendant filed this instant motion to dismiss and motion to suppress. The People subsequently filed their oppositions thereto.

¶ 10    On March 16, 2022, this matter came before the Court for a hearing on the pending motions. At the hearing, the Court inquired whether the parties were familiar with *Heath*, 63 V.I. 80, the memorandum opinion entered on July 10, 2015 in the 2014 Case denying the 2014 Motion to Suppress. The Court gave the parties the opportunity to review *Heath*, and ordered the parties to file their respective supplemental brief within ten days.

¶ 11    As of the date of this Memorandum Opinion and Order, neither party filed a supplemental brief.

## DISCUSSION

### I.    Motion to Dismiss

¶ 12    In his motion, Defendant argued that that this matter should be dismissed because it is barred by the statute of limitations. In support of his argument, Defendant pointed out that: (i) "[t]he instant case results from the re-filing of case number SX-2014-CR-00033, which was dismissed without prejudice..., an offense allegedly committed on January 24, 2014"; (ii) the statute of limitations of Count I, Count II, Count III, and Count IV was three years under Title 5 V.I.C. 3541(a)(2); (iii) Defendant "was arrested on January 27, 2017, three (3) days after the statute of limitation had run on January 24, 2017"; and (iv) "the Amended Information was filed on February 8, 2017, after the statute of limitation had run." (Motion 2.)

¶ 13    In their opposition, the People argued that this matter was timely commenced within the statute of limitations and should not be dismissed. In support of their argument, the People pointed out that: (i) "[n]either the Virgin Islands Code nor the Virgin Islands Rules of Criminal Procedure specifically defines what constitutes the commencement of a criminal action";[2] (ii) "[c]ourts have held that either the issuance of a proper arrest warrant or the filing of an information, whichever is earlier, commences a criminal action for purposes of Title 5 V.I.C. 3541";[3] (iii) "the Virgin Islands Supreme Court opined that the filing date of an information may be used to determine

---

[2] The People referenced: *People of the V.I. v. Hatcher*, 2020 V.I. LEXIS 14, *5 (V.I. Super. Ct. Feb. 11, 2020).

[3] The People referenced: *People of the V.I. v. Ayala*, 2017 V.I. LEXIS 22 (V.I. Super. Ct. Feb. 6, 2017); *People of the V.I. v James*, 2017 V.I. LEXIS 123, *4-5 (V.I. Super. Ct. March 2, 2017).

when a criminal prosecution commences";[4] (iv) "[a]n amended information violates the statute of

limitations only if the amendment includes new charges"[5] and the amended information filed in

this matter removed Count V and did not add any new charges. (Opp. 2.)

### A. Standard of Review

¶ 14    The statute of limitations for commencing criminal prosecutions in the Virgin Islands is

governed by title 5, section 3541 of the Virgin Islands Code, which provides in relevant part:

(a) A criminal action shall be commenced within the following periods:

> (1) For murder, felony child abuse, felony child neglect, any felony sexual offense
> perpetrated against a victim, embezzlement of public moneys, and the *falsification
> of public records*, there is no limitation of the time within which a prosecution shall
> be commenced.

> (2) For any felony other than specified above, action shall be commenced with three
> years after its commission.

Title 5 V.I.C. 3541(a)(1) and (2).

As to what action constitutes the commencement of a criminal action, the court in *Hatcher* pointed

out:

> Neither the Virgin Islands Code nor the Virgin Islands Rules of Criminal Procedure
> specifically defines what constitutes the commencement of a criminal action. From time to
> time, the Courts of the Virgin Islands have identified various stages in the criminal justice
> process where it may be determined that the criminal action has commenced. These stages
> include the return of an indictment, the filing of an information or complaint or the issuance
> of a warrant of arrest. The District Court of the Virgin Islands held that a criminal action
> commences with the return of an indictment or the filing of an information under the
> provisions of 5 V.I.C. § 3541. *Government of the Virgin Islands v. Moncayo*, 31 V.I. 135,
> 142 (D.V.I. 1994). The Superior Court of the Virgin Islands has identified different stages
> of the criminal justice process where it may be determined that criminal action has
> commenced. Criminal actions are commenced when a grand jury issues an indictment or
> when a prosecutor files a complaint or an information. *Dennie v. People of the Virgin
> Islands*, 66 V.I. 143, 151 (V.I. Super. Ct. 2017). Either the issuance of a proper warrant or

---

[4] The People referenced: *Miller v. People of the V.I.*, 54 V.I. 398, 402 (V.I. 2010).

[5] The People referenced: *Hatcher*, 202 V.I. LEXIS 14, at *16.

the filing of an information, whichever is earlier, commences a criminal action for purposes of 5 V.I.C. § 3541. *People of the Virgin Islands v. Correa*, 2017 V.I. LEXIS 42 (V.I. Super. Ct. 2017); *People of the Virgin Islands v. Ayala*, 2017 V.I. LEXIS 22 (V.I. Super. Ct. 2017). Without finding whether the issuance of a warrant and the return of an indictment are also proper considerations for the commencement of a criminal action, the Virgin Islands Supreme Court has stated that the filing date of an information may be used to determine when a criminal prosecution commences. *Miller v. People of the Virgin Islands*, 54 V.I. 398, 402 (V.I. 2010).

*Hatcher*, 2020 V.I. LEXIS 14, at *5-6.

### B. Analysis

¶ 15    The parties do not dispute that the felony charges against Defendant in this matter are governed by the three-year statute of limitations. Title 5 V.I.C. 3541(a)(2). However, the parties dispute as to what action constitutes the commencement of a criminal action.

¶ 16    The Court must note that Defendant's argument in his motion that this matter must be dismissed because Defendant was arrested after the expiration of the statute of limitations and that the amended information was filed after the expiration of the statute of limitations was perfunctory and made without supporting authority. Defendant failed to cite to any applicable authority to support his assertions that: (i) the date of the arrest, and only this date, constitutes the commencement of a criminal action and (ii) an amended information that removed an offense and did not add a new offense violates the statute of limitation. "The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule." *In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015); *see Antilles School, Inc. v. Lembach*, 64 V.I. 400, n. 13 (V.I. 2016) ("Members of the Virgin Islands Bar ... must be cognizant of their responsibility to serve as advocates for their clients, which includes making all necessary legal arguments ..."); *see also, Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012) ("The rules that require a litigant to brief

and support his arguments ... before the Superior Court, are not mere formalistic requirements. They exist to give the Superior Court the opportunity to consider, review, and address an argument"). "It is not the Court's job to research and construct legal arguments open to parties ... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited,* 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC,* 2016 V.I. LEXIS 62, *27 n. 66). The Court declines to make such argument on Defendant's behalf. *See Joseph v. Joseph,* 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Here, the People filed the information in this matter prior to the expiration of the statute of limitations. In *Miller,* the Virgin Islands Supreme Court indicated that the filing date of an information may be used to determine when a criminal prosecution commenced. 54 V.I. at 402 (citing *Gov't of the Virgin Islands v. Moncayo,* 31 V.I. 135, 140 (D.V.I. 1994)).[6] Defendant gave no reason why the Court should depart from *Miller,* and the Court sees

---

[6] A few courts have found that the Virgin Islands Supreme Court's assertion that the filing date of an information may be used to determine when a criminal prosecution commenced to be in apparent tension and conflict with *Moncayo,* the case it cited to in support of its assertion. *See e.g., People of the Virgin Islands v. Cummings,* 2016 V.I. LEXIS 60, *3 n.3 (V.I. Super. Ct. May 9, 2016) ("The Virgin Islands Supreme Court has suggested the key date is the filing of the information (although it did so in apparent tension with Moncayo, its putative source)."); *People of the Virgin Islands v. James,* 2017 V.I. LEXIS 123, *5 (V.I. Super. Ct. March 2, 2017) (However, the Supreme Court of the Virgin Islands cited *Moncayo* for that assertion, doing so "in apparent tension with *Moncayo,* its putative source[.]"). The Court disagrees.

In *Moncayo,* the arrest warrant was issued on April 29, 1988, and the information was filed on June 14, 1993. The *Moncayo* court noted:

> Counsel for the government argues that where a criminal limitation statute does not provide specifically for the action to be commenced with the return of an indictment or the filing of an information, the action is "commenced" for purposes of the statute of limitation with the issuance of an arrest warrant found on probable cause. **The Court agrees, and concludes that the limitation period in this case was tolled by the issuance of the arrest warrant** and, under the facts of this case, its reasonably prompt execution. The Virgin Islands statute is silent on what act, specifically, the return of an indictment or filing of an information, or the issuance of an arrest warrant, would commence the prosecution of a crime. Though generally,

no reason to do so. Moreover, as noted above, the amended information removed an offense and

did not add a new offense. The amended information would have raised statute of limitations issues

only if it charged a new offense for which the statute of limitations had expired. *See Hatcher*, 2020

V.I. LEXIS 14 at *10 ("The Virgin Islands has also adopted the principle that an indictment or

information which charges a greater offense also charges all lesser included offenses."); *see also,*

*Fontaine v. People of the Virgin Islands*, 62 V.I. 643, 650 (V.I. 2015) (finding that the jury may

convict for a lesser included offense even if not charged in the Information). Thus, the amended

information did not violate the statute of limitations. Accordingly, the Court concludes that this

criminal action was timely commenced, and the Court will deny Defendant's motion to dismiss.

## II.    Motion to Suppress

¶ 17    In the memorandum of law in support of his motion to suppress, Defendant argued that,

based on the facts "gleaned from the affidavit of Detective [Cruz]," the Court should suppress "any

---

> the finding of an indictment or the filing of an information is the first step in a criminal case . . .
> when, as is usually the case there are preliminary proceedings, the prosecution is commenced and
> the statute is tolled at the time a complaint is laid before a magistrate and a warrant of arrest is
> issued.

21 Am. Jur. 2d, Criminal Law, § 230, p. 417 (collecting cases). Here, the arrest warrant, issued on April 29, 1988 constitutes the commencement of the action...

31 V.I. at 142 (emphasis added).

Accordingly, the *Moncayo* court concluded that "the arrest warrant, issued on April 29, 1988 constitutes the commencement of the action." *Id.* The *Moncayo* court never stated that the filing date of an information may not be used to determine when a criminal prosecution commenced or that only the date of issuance of the arrest warrant may be used to determine when a criminal prosecution commenced. In fact, as noted above, the *Moncayo* court recognized that "the finding of an indictment or the filing of an information is the first step in a criminal case" but in that matter, the court concluded that the limitation period was tolled by the issuance of the arrest warrant. *Id.* Thus, the Court finds that there is no tension or conflict, apparent or otherwise, for the Virgin Islands Supreme Court's citation to *Moncayo* in *Miller* for its assertion that the filing date of an information may be used to determine when a criminal prosecution commenced.

To be clear, the Court is simply acknowledging that, in arriving at its decision in *Miller*, the Virgin Islands Supreme Court indicated that the filing date of an information may be used to determine when a criminal prosecution commenced; whether that is the only date or whether the date of issuance of the arrest warrant may also be used to determine when a criminal prosecution commenced were not discussed in *Miller*.

and all evidence obtained from the unconstitutional search and seizure of Defendant, including any statements he may have made at the time of his seizure." (Memo. 5.) Defendant further asserted: (i) "There is no question that the police did not have a warrant to arrest or search [Defendant]." (Motion 4); (ii) "It is also clear that [Defendant's] encounter with the police officers constituted a seizure under *Terry* and the Fourth Amendment."[7] (Id.); (iii) The seizure of Defendant of "not voluntary." (Id.); (iv) Detective Cruz's affidavit and probable cause sheet "failed to articulate any reasonable suspicion to believe a crime was afoot, or any particularized justification for the stop and seizure of Defendant." (Id.); (v) "[T]he discovery of a firearm, without more, does not constitute sufficient legal grounds to arrest"[8] and according to Detective Cruz's affidavit, "he did not determine Defendant did not have license to possess a firearm until police made a check after the arrest." (Id. at 5.)

¶ 18    In their opposition, the People argued that the Court should deny Defendant's motion to suppress. The People made the following assertions in support of their argument: (i) "There is no difference between the instance case and [the 2014 Case], other than the fact that the People dismissed one of the charges against [Defendant]" and that "the two cases[, this matter and the 2014 Case,] involve identical facts, identical charges, and identical parties...[and] are the same case."[9] (Opp. 1.); (ii) "Because this suppression issue was previously decided as a matter of law, and [Defendant] has alleged nothing new in his filing, the motion to suppress the evidence should be denied under the law-of-the-case doctrine." (Id. at 1-2); (ii) Defendant was not seized in

---

[7] Defendant referenced: *United States v. Hensley*, 469 U.S. 221 (1985); *United States v. Velasquez*, 885 F.2d 1076 (3d Cir. 1989), cert. denied 494 U.S. 1017 (1990).

[8] Defendant referenced: *United States v. Ubiles*, 224 F.3d 213 (3d Cir. 2000).

[9] The People referenced: *Heath*, 63 V.I. 80; *Virgin Islands Tax Association v. Virgin Islands Port Authority*, 67 V.I. 643 (V.I. 2017); *People of the Virgin Islands v. Miller*, 53 V.I. 162 (V.I. Super. Ct. May 4, 2010).

violation of his constitutional rights.[10] (Id. at 2-3); and (iii) The gun was not seized in violation of Heath's constitutional rights.[11] (Id. at 3.)

¶ 19    Both Defendant and the People confirmed that this matter and the 2014 Case are based on identical facts and identical charges against Defendant by the People.[12] Defendant had previously filed the 2014 Motion to Suppress which was denied. *Heath*, 63 V.I. at 90. In *Heath*, the court made the following findings: (i) "[T]he Court finds that the police officers conducted an investigatory stop at the time Heath submitted himself to the officers' show of authority when they ordered him to approach the police vehicle" and "that any encounter between the officers and Heath prior to this time was not a stop under the Fourth Amendment." *Id.*, 63 V.I. at 89; (ii) "Based on the officers' observation of Heath hunched down in his vehicle at night, as well as Heath's flight upon the officers' identification of themselves, the Court finds that the officers had a reasonable belief that Heath retreated to the bush area under suspicious circumstances and, therefore,   the officers had reasonable suspicion to conduct a lawful investigatory stop to quell that suspicion." *Id.*, 63 V.I. at 90; (iii) "[T]he Court finds that the officers' actions in detaining Heath until they completed the search of the bush area was reasonable and did not violate Heath's constitutional rights." *Id.*, 63 V.I. at 91; (iv) "Since the bush area [that the officers searched] was not used for any residential purposes and society would not reasonably expect the same privacy in

---

[10] The People referenced: *Simmonds v. People*, 53 V.I. 549 (2010); *Terry v. Ohio*, 392 U.S. 1 (1968); *People of the Virgin Islands v. Prentice*, 64 V.I. 79 (V.I. Super. Ct. Feb. 23, 2016).

[11] The People referenced: *Heath*, 63 V.I. at 93.

[12] In Defendant's motion to dismiss, Defendant stated that "[t]he instant case results from the re-filing of case number SX-2014-CR-00033, which was dismissed without prejudice..., an offense allegedly committed on January 24, 2014." (Motion 2.) In the People's opposition to Defendant's motion to suppress, the People stated that "[t]here is no difference between the instance case and [the 2014 Case], other than the fact that the People dismissed one of the charges against [Defendant]" and that "the two cases[, this matter and the 2014 Case,] involve identical facts, identical charges, and identical parties...[and] are the same case." (Opp. 1.)

that area as within a home, the Court finds that the bush area [that the officers searched] was an

open field" and "[t]hus, the officers did not need reasonable suspicion nor probable cause to

search it, and their search did not implicate Heath's reasonable expectation of privacy in anything

protected under the Fourth Amendment." *Id.*, 63 V.I. at 92; and (v) "Because a legal search of the

open field bush area yielded a firearm, the officers' seizure of that firearm was lawful under the

open fields and plain view doctrines."[13] *Id.*, 63 V.I. at 94.

---

[13] Under the plain view doctrine, "the warrantless seizure of incriminating evidence is permissible when three conditions are met: (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed; (2) the item's incriminating character must be immediately apparent; and (3) the officer must have a lawful right of access to the object itself." *Heath*, 63 V.I. at 93 (citing *Horton v. California*, 496 U.S. 128, 136-137 (1990). "[T]he United States Supreme Court has permitted officers to seize items which are "dangerous in themselves" — including weapons — even when their incriminating natures are not immediately apparent. *Id. (citing United States v. Frederick*, 152 Fed. Appx. 470, 472 (6th Cir. 2005) ("At the same time that the Court has permitted officers to seize items whose 'incriminating character' is 'immediately apparent' under the plain-view exception to the warrant requirement, it has permitted officers to seize 'objects dangerous in themselves.'" (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 472 (1971) (plurality))); *United States v. Bishop*, 338 F.3d 623, 626 (6th Cir. 2003) ("The Supreme Court also has indicated that the plain view exception permits the warrantless seizure of 'objects dangerous in themselves.'")).

In *Heath*, the court made the following findings as to the three conditions of the plain view doctrine:

> In this case, the first condition is met. Because the bushy area at 167 Hannah's Rest is an open field, the officers did not violate the Fourth Amendment by searching it. Initially, the second condition does not appear to have been met in this case — that the item's incriminating nature be immediately apparent upon the officers discovering it. For instance, the officers did not testify that they knew at the time of the seizure that the Defendant was a felon and therefore could not legally possess a gun. *See United States v. Ubiles*, 224 F.3d 213, 217 (3d Cir. 2000) (opining that mere possession of a firearm is not a crime in the Virgin Islands); *see also People of the Virgin Islands v. Murrell*, 56 V.I. 796 (V.I. 2012). Similarly, the officers did not claim that they noticed that the weapon had an obliterated or otherwise altered serial number when they retrieved it from the open field. Despite these seeming deficiencies, the United States Supreme Court has permitted officers to seize items which are "dangerous in themselves" — including weapons — even when their incriminating natures are not immediately apparent. *United States v. Frederick*, 152 Fed. Appx. 470, 472 (6th Cir. 2005) ("At the same time that the Court has permitted officers to seize items whose 'incriminating character' is 'immediately apparent' under the plain-view exception to the warrant requirement, it has permitted officers to seize 'objects dangerous in themselves.'" (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 472, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971) (plurality))); *United States v. Bishop*, 338 F.3d 623, 626 (6th Cir. 2003) ("The Supreme Court also has indicated that the plain view exception permits the warrantless seizure of 'objects dangerous in themselves.'"). Accordingly, because the seized firearm in this case is an object dangerous in itself, the second condition has been met. The third condition has also been met in this case. The officers had a lawful right of access to the object itself because it was in an open field when they retrieved it. *See United States v. Waterfield*, 2006 U.S. Dist. LEXIS 37630, at *23-24 (S.D. Ohio June 8, 2006) ("Because an open field search is a search conducted from a lawful vantage point, evidence need only be immediately apparent as incriminating in order to be seized without a warrant.").

*Heath*, 63 V.I. at 93-94.

¶ 20    Having reviewed *Heath,* the Court is in agreement with the reasoning and conclusions in *Heath* and adopts the analysis, findings, and conclusions therein as though the same were set forth herein. More specifically, the Court concludes in this matter that the officers' investigatory stop was lawful, that the officer's actions in detaining Heath until they completed the search of the bush area did not violate Heath's constitutional rights, and that the officers discovered the firearm and ammunitions pursuant to a lawful search. However, the Court must note that the issue of the arrest raised in Defendant's motion to suppress in this matter was not addressed in *Heath*—to wit, Defendant argued that "the discovery of a firearm, without more, does not constitute sufficient legal grounds to arrest" and according to Detective Cruz's affidavit, "he did not determine Defendant did not have license to possess a firearm until police made a check after the arrest."[14] (Motion 2.) The Court will address this issue now.

### A. Whether the Arrest of Defendant was Lawful

### 1. Standard of Review

¶ 21    "The Fourth Amendment requires that any arrest be based on probable cause," *People of the Virgin Islands v. Martin,* 2019 V.I. LEXIS 148, *12 (V.I. Super. Ct. Oct. 25, 2019), and "[t]he Fourth Amendment is applicable in the Virgin Islands pursuant to § 3 of the Revised

---

[14] It is unclear whether the issue of the arrest raised in Defendant's motion to suppress in this matter was previously raised in the 2014 Motion to Suppress.

In his motion, Defendant cited to *Ubiles* in support of his assertion that "the discovery of a firearm, without more, does not constitute sufficient legal grounds to arrest." (Motion 5.) In *Ubiles,* the court stated that "[i]t is not necessarily a crime to possess a firearm in the Virgin Islands, see V.I. CODE ANN. tit. 23, § 470; nor does a mere allegation that a suspect possesses a firearm, as dangerous as firearms may be, justify an officer in stopping a suspect absent the reasonable suspicion required by Terry." 224 F.3d at 217.

In *Heath, Ubiles* was discussed in the context of the plain view doctrine and the warrantless seizure of incriminating evidence; the court did not discuss whether the arrest of Defendant was lawful when the officers did not determine that Defendant did not have authority to carry or possess firearm(s) or ammunition(s) in the U.S. Virgin Islands until after the arrest. *See supra,* footnote 13.

Organic Act of 1954," *People of the Virgin Islands v. Glasford*, 2022 V.I. LEXIS 40, at *10 (V.I. Super. Ct. Apr. 19, 2022) (citing *People of the Virgin Islands v. Armstrong*, 64 V.I. 528, 530 n.1 (V.I. 2016) (citing Revised Organic Act of 1954, § 3; 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 87-88 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1)). Arrest by a peace officer with and without warrant in the Virgin Islands is governed by title 5, section 3562 of the Virgin Islands Code, which provides in relevant part: "A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person — (1) for a public offense committed or attempted in his presence; (2) when a person has committed a felony, although not in his presence; (3) when a felony has in fact been committed and he has reasonable cause for believing the person to have committed it; (4) on a charge made, upon a reasonable cause, of the commission of a felony by the party; or (5) at night, when there is reasonable cause to believe that he has committed a felony." Title 5 V.I.C. 3562. Reasonable cause or probable cause "exists when at the moment of arrest police have knowledge of facts and circumstances grounded in reasonably trustworthy information sufficient to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested." *Phipps v. People of the Virgin Islands*, 54 V.I. 543, 559 (2011) (Swan, J., concurring); *see Blyden v. People of the Virgin Islands*, 53 V.I. 637, 651 (V.I. 2010) ("Probable cause exists where facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been ... committed by the person to be arrested.").

### 2. Analysis

¶ 22   Here, it was reasonable for the officers to conclude that Defendant had just committed a crime based on the officers' knowledge of facts and circumstances. More specifically, the officers' observation of Defendant hunched down in his vehicle at night and Defendant's flight into the bush area upon the officers' identification of themselves, plus the recovery of the firearm from the bush area that Defendant fled into and the recovery of the ammunition from the bush area by Defendant's vehicle, ripened the officer's reasonable suspicion to stop and frisk Defendant into probable cause to arrest Defendant on the evening of January 24, 2014. *See* Title 5 V.I.C. 3562(3) and (5) ("A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person — (3) when a felony has in fact been committed and he has reasonable cause for believing the person to have committed it; … or (5) at night, when there is reasonable cause to believe that he has committed a felony."); *see also, Blyden*, 53 V.I. at 651 ("Probable cause exists where facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been … committed by the person to be arrested."). Accordingly, the Court concludes that the arrest of Defendant was lawful.

¶ 23   Based on the foregoing, the Court will deny Defendant's motion to suppress.[15]

---

[15] In their opposition, the People argued that Defendant's motion to suppress should be denied under the law-of-the-case doctrine. "Courts in this jurisdiction have consistently recognized that, under the law-of-the-case doctrine, "a court is loath to revisit legal issues which it previously decided in the same case" and "[a]s articulated in this jurisdiction, "[u]nder the law-of-the-case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Virgin Islands Taxi Association*, 67 V.I. at 671. However, it is unclear, and the People failed to explain, why this matter should be considered as a subsequent stage of the 2014 Case and not a separate case given that the 2014 Case was dismissed and a new information was filed in this matter. Nevertheless, based on the Court's ruling, the Court need not address this issue at this juncture.

## CONCLUSION

¶ 24    For the reasons stated above, the Court will deny Defendant's motion to dismiss, deny

Defendant's motion to suppress, and schedule a calendar call in this matter. Accordingly, it is

hereby:

**ORDERED** that Defendant's motion to dismiss, filed on September 21, 2021, is **DENIED**.

It is further:

**ORDERED** that Defendant's motion to suppress, filed on September 21, 2021, is

**DENIED. And** it is further:

**ORDERED** that the parties shall appear on ___July 22___, 2022, at

___9:00___ a.m./p.m., via Zoom, for a calendar call in this matter.

**DONE and so ORDERED this ___7th___ day of June, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: ___6/8/2022___

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
June 08, 2022 04:52 PM
SX-2017-CR-00023
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

---

People of the Virgin Islands v. Quanza Heath

Case Number: **SX-2017-CR-00023**
Charges: **14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 2256(a) - Possession Or Sale Of Ammunition**
**23 V.I.C. 470(a) - Failure To Report Firearm/Ammo Purchase**
**23 V.I.C. 481(b) - Possession Of Unlicensed Firearm/W Obliterated Sn**

### NOTICE of ENTRY
### of
### Memorandum Opinion and Order

**To:**  Eric Chancellor, Esq.          Martial A. Webster, Sr., Esq.

**Please take notice that on June 08, 2022**
**a(n)** _____ **Memorandum Opinion and Order** _____
**dated** **June 7, 2022** **was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**  **June 08, 2022**

**Tamara Charles**
**Clerk of the Court**

By:



**Janeen Maranda**
**Court Clerk II**